[No. 4984.]
[No. 2496 C. A.]

CAMPLIN ET AL. v. JACKSON ET AL.

1.  Wills—Judgments—Setting Aside Void Judgment.

If the judgment of the county court in admitting a will to probate was a nullity it was not error for the county court to set aside such judgment upon a petition filed more than six months after its rendition; neither was it error for the district court, on appeal from the action of the county court, to enter a similar decree setting aside the judgment probating the will.

2.  Same—Jurisdiction.

Where the county court had jurisdiction of the parties and the subject-matter in a proceeding to probate a will, its judgment in admitting the will to probate was not void, and it was error

to set aside such judgment upon a petition filed more than six months after its rendition, notwithstanding the judgment so set aside was erroneous and would have been reversed on appeal or error; and on appeal to the district court from the order of the county court setting aside the probate, it was also error for the district court to enter a judgment setting aside the judgment probating the will.

3. **Wills—Proceeding to Probate—Jurisdiction.**

The county court had jurisdiction of the subject-matter in a proceeding to probate a will, and where all the heirs at law entered their personal appearance and consented in writing that the instrument proposed should be admitted to probate as the last will of the deceased the court had jurisdiction of the parties.

4. **Same.**

In a proceeding to probate a will the county court has jurisdiction to determine the question as to whether or not the will was properly attested and an error committed in determining that question would be an error in the exercise of jurisdiction and not in assuming jurisdiction.

5. **Wills—Attesting Witnesses—Proceeding to Probate—Judgments.**

In a proceeding to probate a will where the court had jurisdiction of the parties and upon the written consent of the heirs at law a judgment was entered admitting the will to probate, in the absence of a showing of fraud in procuring the probate of the will it was error for the county court to set aside its judgment upon a petition filed more than six months after its entry, notwithstanding the will was attested by only one subscribing witness.

*Appeal from the District Court of Boulder County: Hon. Christian A. Bennett, Judge.*

Messrs. TALBOT, DENISON & WADLEY, Mr. GEORGE F. DUNKLEE and Mr. O. E. JACKSON, for appellants.

Messrs. DOWNER & HAWKINS and Mr. C. M. CAMPBELL, for appellees.

Mr. JUSTICE GUNTER delivered the opinion of the court.

January 15, 1893, Mary C. Moore died leaving an instrument in her handwriting, signed by herself

and attested by one witness, purporting to be her last will and testament. The estate devised consisted of real and personal property situate in Boulder county, Colorado. In Sepember, 1895, the will was admitted to probate in the county court of Boulder county, Colorado. July, 1897, one of the heirs at law of Mary C. Moore, Robert Jackson, one of appellees, filed in the said county court his petition to have the decree admitting the will to probate annulled. Later a petition in intervention in the same proceeding was filed by another of the heirs at law of said deceased, Albert Culter, one of appellees, joining in the application of Robert Jackson, to have the decree probating the will vacated. A decree of the county court was entered June 29, 1900, pursuant to such proceeding by Robert Jackson and Albert Culter annulling the will. The judgment so rendered was taken on appeal to the district court, where a judgment was also entered annulling said decree admitting said will to probate; to review which last mentioned judgment is this appeal.

The will devised to Caroline J. Camplin, one of appellants, a niece of the testatrix, one-third of her estate; to her brothers John and Robert Jackson and to her sister-in-law Elizabeth Carman and to her niece Mary Alice Wolff and to her nephew Walter Jackson, each one hundred dollars. The remainder of her estate was devised to Clara Ellen Wolff and Oscar E. Jackson.

Mary Adella Webb claimed to be an adopted child and heir at law of deceased. Oscar E. Jackson agreed with the other heirs at law to institute and conduct litigation to determine whether Mary Adella Webb was an heir at law provided such heirs would agree that the above instrument should be admitted of record as the last will. Without any fraudulent representation upon the part of Oscar E. Jackson

the heirs at law consented to have the will admitted to probate—among whom were appellees Robert Jackson and Albert Culter. Litigation was instituted by Oscar E. Jackson, and carried on by him through the county court and the court of appeals of this state at his expense and resulted in a judgment declaring that Mary Adella Webb was not an heir at law of deceased.

About two months after the final disposition of the proceedings to determine the alleged heirship of Mary Adella Webb the will of Mary C. Moore was filed for probate and shortly thereafter admitted to probate. The heirs at law entered their appearance in the proceeding, and, in writing, expressly agreed that the will should be admitted to probate, and a decree was entered as heretofore stated in September, 1895, admitting the said instrument to probate as the last will and testament of Mary C. Moore, deceased.

If the judgment of the county court admitting this will to probate is a nullity, then there was no prejudicial error committed in the subsequent proceeding of the county court and the district court entering decrees setting aside the judgment of the county court admitting the will to probate, because there could be no prejudicial error in setting aside an absolutely void decree. If, on the other hand, the judgment of the county court admitting this will to probate was a judgment reached in a case in which that court had jurisdiction of the subject-matter and the parties, then it was error in the county court in a proceeding started in that court more than six months after the rendition of the decree admitting the will to probate to make an order vacating the previous judgment of probate. Likewise the judgment of the district court was error which, in that same proceeding, upon appeal, annulled the previous decree of probate. This is true notwithstanding such serious error

was committed by the probate court in admitting the will to probate as would have worked a reversal of such decree on appeal or error. Let it borne in mind that it is not contended that any fraud was practiced in procuring the decree admitting the will to probate.

In order to sustain the judgment of the lower court annulling the decree probating the will appellees must show that the decree admitting the will to probate was absolutely void. Decisive of this question is, whether the lower court in admitting the will to probate had jurisdiction of the subject-matter and the parties. It had jurisdiction of the parties through the heirs at law entering a personal appearance in the proceeding to probate the will and in their, by writing, expressly consenting that said instrument should be admitted to probate as the last will and testament of Mary C. Moore.

Now as to the jurisdiction of the subject-matter. By the constitution and laws of this state the county court was given jurisdiction of determining whether the instrument offered for probate was the last will and testament of said deceased.—Constitution, art. VI, sec. 23; 1 Mills' Ann. Stats., p. 272, sec. 395; 1 Mills' Ann. Stats., p. 845, sec. 1095.

"Jurisdiction is authority to hear and determine a cause. Since jurisdiction is the power to hear and determine, it is not, as will be pointed out later, dependent either upon the regularity of the exercise of that power or upon the rightfulness of the decision made."—17 Am. & Eng. Ency. of Law 1041.

"When there is jurisdiction of the person and subject-matter, the decisions of all other questions arising in the case is but an exercise of that jurisdiction."—*Id.* 1042.

The county court had the power to hear and determine whether the instrument proposed was the

last will and testament of Mary C. Moore. In adjudicating this question it had the power to determine all facts pertinent; it had the power to determine whether or not the will was a forgery, and whether or not it was executed with the formalities essential to the validity of a will. This would include whether or not it was properly attested.

An error committed in deciding upon any one of these questions would be an error, not in assuming jurisdiction, but in the exercise of jurisdiction. —*Powell v. National Bank of Commerce*, 19 Colo. App. 57, 58; *People ex rel. Lindsley, Dist. Att'y, v. District Court*, 30 Colo. 488.

The principle upon which the conclusion rests, that the judgment in this case is not a void one, and can only be attacked by appeal or error, is the same which sustains the validity of a judgment against attack, except by appeal or error, in case of a judgment rendered upon a complaint which fails to state a cause of action.—17 Am. & Eng. Ency. of Law 1067.

A judgment is not void because of the failure of the complaint to state a cause of action, because the error there is one of irregularity in procedure and not one of jurisdiction.

Jurisdiction "is the power to act upon the general and, so to speak, abstract question, and to determine and adjudge whether the particular facts presented called for the exercise of the abstract power. Jurisdiction of the subject-matter is the power lawfully conferred to deal with the subject involved in the action."—Bailey on Jurisdiction, vol. 1 (ed. of 1899), p. 3, § 4.

"Jurisdiction of the subject-matter is the power to deal with the general abstract question, to hear the particular facts in any case relating to this question, and to determine whether or not they are sufficient to invoke the exercise of that power. It is not con-

fined to cases in which the particular facts constitute a good cause of action, but it includes every issue within the scope of the general power vested in the court, by the law of its organization, to deal with the abstract question. Nor is this jurisdiction limited to making correct decisions. It empowers the court to determine every issue within the scope of its authority according to its own view of the law and the evidence, whether its decision is right or wrong, and every judgment or decision so rendered is final and conclusive upon the parties to it, unless reversed by writ of error or appeal, or impeached for fraud." —*Foltz v. St. Louis & S. F. Ry. Co.,* 19 U. S. App. 576, 8 C. C. A. 635, 60 Fed. 316.

Approved in *Board of Commissioners v. Platte,* 79 Fed. (C. C. A.) 567, 570.

This proceeding by appellee was, as stated, by petition filed in the probate court more than six months after the decree was rendered probating the will for the purpose of setting aside the will. The findings of the trial court which are not questioned exclude the question of fraud in procuring the probating of the will. The present action is not an attempt to review the alleged error in the probate court by error or appeal. Stripped of details, the county court upon the express consent of appellees— heirs at law of deceased—entered a judgment admitting the will to probate, such court then having jurisdiction of the subject-matter and of the person. Appellees who thus expressly consented to the decree probating the will are now attempting in this particular procedure, without any showing of fraud, to set aside a judgment which they expressly consented to be rendered. This, we think, cannot be done.

We conclude that the judgment in this case admitting the will to probate was not void, and that the error committed by the court, if it was one, in

admitting the will to probate was not an error in the assumption of jurisdiction, but in the exercise of jurisdiction which it had assumed, and had. If there was error in admitting the will to probate it was reviewable only on error or appeal. Such was not the character of this proceeding.

The judgment of the lower court will be reversed, with instructions to dismiss the action.

*Reversed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE MAXWELL concur.