EUGENE E. PRUSSING *et al.* Appellees, *vs.* JOHN E. LANCASTER *et al.* Appellants.

*Opinion filed April 23, 1908—Petition stricken June 3, 1908.*

1. MORTGAGES—*payment of interest in advance is good consideration for extension of time.* The payment of interest in advance is good consideration for an agreement to extend the time of payment, but the mere endorsement on the note of interest up to a date beyond the maturity of the note is not, of itself, sufficient to establish such an extension as will operate to release the lien of a trust deed given by a third party to secure the payment of the note.

2. SAME—*what necessary in order that payment of interest in advance shall release lien.* In order that the payment of interest in advance may work a release of the lien of the trust deed secur-

ing the note, it must be proved by the party relying upon the alleged release that the payment was made without the consent of the owner of the land covered by the deed and was received by a party authorized to agree to a valid extension.

3. SAME—*what amounts to assent to extension of time of payment.* Where the land owner and his lessee join in a trust deed, an endorsement on the deed, signed and sealed by the owner, agreeing that the lessee may have the loan renewed at any time and that the deed will still stand as security, is an agreement coupled with an interest, which is not revoked by the owner's death and fully authorizes an extension of the time of payment of the note secured.

4. SAME—*when partition decree is res judicata as to validity of lien of trust deed.* A decree in a partition proceeding among the devisees of a deceased maker of a trust deed, to which proceeding the trustee and the holder of the note were parties, which finds that the trust deed is a valid first lien upon the premises sought to be partitioned, is *res judicata* as to the validity of the lien in a subsequent proceeding by the trustee against such devisees to foreclose the trust deed.

5. SAME—*in case of a deficiency decree, rents may be applied through a receiver.* If premises do not sell for enough to satisfy the foreclosure decree and there is a decree for the deficiency, it is correct practice to apply to the satisfaction of the deficiency decree, through a receiver, rents which may be derived from the premises during the redemption period.

APPEAL from the Appellate Court for the First District;—heard in that court on writ of error to the Superior Court of Cook county; the Hon. AXEL CHYTRAUS, Judge, presiding.

This was a bill in chancery filed on the first day of August, 1898, by the appellees against the appellants, in the superior court of Cook county, to foreclose a trust deed bearing date January 5, 1892, given by Nimrod Lancaster and Charles E. Springer to the appellee Eugene E. Prussing, as trustee, upon certain unimproved real estate belonging to Nimrod Lancaster, situated in the city of Chicago, to secure the payment of a promissory note of even date with said trust deed for the sum of $58,500, payable five years after date, with interest at six per cent per annum,

payable semi-annually, signed by Charles E. Springer and by him endorsed in blank, which promissory note was the property of the appellee the Illinois Trust and Savings Bank at the time the bill to foreclose said trust deed was filed.

Nimrod Lancaster died testate on June 14, 1895, seized of said real estate, subject to the said trust deed. The appellants claimed title to the said premises through Nimrod Lancaster. Certain of them answered the said bill and others were defaulted, and the cause was referred to a master. Upon the report of the master being filed, a decree of foreclosure and sale was entered by the court, which found to be due the Illinois Trust and Savings Bank upon the said note and trust deed the sum of $69,254.69, after applying certain rents which said Illinois Trust and Savings Bank had collected from said premises prior to the filing of said bill, and a receiver was appointed to take possession of said premises, the said Charles E. Springer having subsequent to the execution of said trust deed leased said premises from Nimrod Lancaster and erected thereon thirteen three-story dwelling houses. The premises on April 24, 1902, were sold to John J. Mitchell by the master for $66,000, which left a deficiency upon said foreclosure decree of $5598.44. The court approved the sale and entered a deficiency decree for the amount of the foreclosure decree remaining unsatisfied, and continued the receivership, with directions to the receiver to apply the rents that might accrue upon the premises during the period of redemption upon said deficiency decree. No redemption took place from said foreclosure sale. On January 18, 1907, the appellants in this court sued out a writ of error from the Appellate Court for the First District to the superior court of Cook county to review the record in said foreclosure proceeding and the order of the superior court continuing said receivership and directing the application of the rents which should accrue during the period of redemption in satisfaction of said deficiency decree, which foreclosure decree, and the order continuing said

receivership and directing the application of said rents upon said deficiency decree, were affirmed by the Appellate Court, and the cause has been brought to this court by appeal.

JACOB VERBURG, and LESLIE A. NEEDHAM, for appellants.

JAMES C. HUTCHINS, and MAX BAIRD, for appellees.

Mr. CHIEF JUSTICE HAND delivered the opinion of the court:

The contention made in this court by the appellants is, that on July 1, 1897, interest was paid upon said promissory note in advance until January 5, 1898, the effect of which, it is insisted, was to release said premises from the lien of said trust deed. The promissory note secured by said trust deed was introduced in evidence before the master, and there appeared endorsed thereon: "July 1, 1897.—Interest paid to July 5, 1897.—Interest paid to Jan'y 5, 1898,"—and such endorsement is relied upon by the appellants to establish an extension of the time of payment of said indebtedness so as to release said premises from the lien of said trust·deed.

The payment of interest in advance is a good consideration for an agreement to extend the time of the payment of a promissory note. The endorsement, on a promissory note, of interest is not, however, alone sufficient to establish an extension of the time of payment of the promissory note so as to release a surety, or to release, as in this instance, the lien of a trust deed given by a third party to secure the payment of a promissory note. In order for the payment of interest in advance to work such a release, it is necessary to show that the payment of interest in advance was made without the assent of the surety or owner of the land covered by the trust deed and was received by a party authorized to agree to a valid extension, and the burden of proof is upon the party pleading the discharge to show those facts. (*New York Life Ins. Co.* v. *Casey,* 178 N. Y. 381; *Shep-*

234—30

*herd* v. *May,* 115 U. S. 505.)   As the record does not show the payment of said interest was made in advance without the assent of the appellants, or that the party to whom it was paid had authority to extend the time of the payment of said promissory note, the payment of such interest did not have the effect to discharge the lien of said trust deed, even though it was paid in advance.

It appears that endorsed upon the trust deed which was offered in evidence is the following agreement signed and sealed by Nimrod Lancaster: "I hereby agree that the said Charles E. Springer may have the loan mentioned within this trust deed, or any part of the said loan, renewed from time to time as he may see fit, and this trust deed will still act to secure the said loan and the principal note or notes in case of the renewal of the same or any part of it." This agreement was coupled with an interest and was not revoked by the death of Nimrod Lancaster, (*Benneson* v. *Savage,* 130 Ill. 352,) and fully authorized the extension of the time of payment of the promissory note secured by said trust deed without affecting the lien of the trust deed.

It also appears that the premises covered by said trust deed, and other lands owned by Nimrod Lancaster at the time of his death, were partitioned by a bill in chancery in the superior court of Cook county between the appellants, as devisees of Nimrod Lancaster, deceased, to which bill Eugene E. Prussing, as trustee, and the Illinois Trust and Savings Bank, were also parties, and that the superior court in that case held that the trust deed in this suit sought to be foreclosed was a first and valid lien upon the premises covered by said trust deed, and that in this case, at the instance of the appellants, the decree directed the premises covered by said trust deed to be sold according to the subdivision of said premises established by that decree. It is clear, we think,—first, that the lien of said trust deed was not released by a valid extension of the time when the indebtedness secured thereby should become due; second,

that if such extension was made it was authorized by the agreement of the parties entered into at the time the trust deed was executed; and third, that the decree in the partition suit between the appellants is *res judicata* as to them of the question that said trust deed was a valid lien upon said premises.

It is also contended, if it were conceded that said trust deed was a valid lien upon the premises covered thereby, that the court erred in continuing the receivership after the approval of the master's sale under the foreclosure decree and in directing that the rents collected by the receiver during the period of redemption be applied in payment of the deficiency decree. The premises did not sell for enough to satisfy the foreclosure decree, and there was a deficiency decree for $5598.44 in favor of appellees. In such case the practice is a proper one to apply to the satisfaction of such deficiency decree, through a receiver, the rents which may accrue upon the premises covered by the trust deed during the redemption period; and this may be done by a court of equity, although the trust deed is silent upon the subject of the application of the rents to the payment of any deficiency that may remain after the sale of the land covered by the trust deed. *Haas* v. *Chicago Building Society*, 89 Ill. 498; *First Nat. Bank of Joliet* v. *Illinois Steel Co.* 174 id. 140.

The appellants rely upon other grounds for a reversal. As it clearly appears, however, from this record, that the indebtedness of the appellee the Illinois Trust and Savings Bank was a first lien upon said premises, secured by said trust deed, and that the decree of foreclosure was properly entered, and that the court did not err in the application of the rents received by its receiver during the period of redemption to the satisfaction of said deficiency decree, we do not deem it necessary to consider in this opinion the other points raised by appellants.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*