## Continental and Commercial Trust & Savings Bank, Trustee, Appellee, v. Ben Leven et al. (Defendants). Albert Silverman, Appellant.

### Gen. No. 24,218.

1. MORTGAGES, § 359*—*when assertion of rights in property by party to foreclosure proceedings too late.* One who was duly noticed in foreclosure proceedings to present whatever interest he might have in the premises may not stand by without making such proof and allow the foreclosure to proceed to decree, sale and deed and then, over 4 years after acquiring the interest which he claims, assert it for the first time upon final report by the receiver.

2. MORTGAGES, § 520*—*when order requiring receiver to turn over to trustee sufficient funds to satisfy deficiency decree is proper.* A trust deed providing for the conveyance of the premises "together with all the rents, issues and profits thereof," and a further provision that in case of default and foreclosure the "grantors waive all right to the possession of and collection of income from said premises, pending such foreclosure proceedings, and until redemption from any sale thereunder, or until the period of redemption from such sale expires," amounted to a conveyance of the rents during the period of redemption; and where the owner of the equity of redemption has not been made liable for the deficiency decree, an order of the chancellor, upon the final report of the receiver, that he pay to the trustee enough of the funds remaining in his hands to satisfy in full the deficiency decreed to be due it, was proper.

3. MORTGAGES, § 520*—*when order requiring receiver to pay balance in his hands to grantor in trust deed, after satisfying deficiency decree is proper.* Where the grantor in a trust deed subsequently conveyed the premises to another but remained personally liable for the amount due the trustee, and on one occasion turned over to it an amount sufficient to protect an interest coupon, which was due and unpaid, if the grantee did not pay, it was proper for the chancellor to order the receiver, after satisfying complainant's deficiency, to pay the balance in his hands to such grantor, who was defendant and cross complainant in the foreclosure proceedings.

Appeal from the Circuit Court of Cook county; the Hon. FREDERICK A. SMITH, Judge, presiding. Heard in this court at the March term, 1918. Affirmed. Opinion filed March 10, 1919.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

WEST & ECKHART, for appellant.

MAYER, MEYER, AUSTRIAN & PLATT and SMITH & WALLACE, for appellee.

MR. JUSTICE MCSURELY delivered the opinion of the court.

By this appeal the appellant, Albert Silverman, seeks the reversal of an order that a balance of $7,675.55 in the hands of a receiver, appointed in foreclosure proceedings, be paid to the complainant, trustee in the trust deed foreclosed in satisfaction of a deficiency decree, and the remainder, $748.92, to Charles Greve, a defendant and cross complainant.

Silverman says he is the owner of the equity of redemption and, therefore, entitled to this money. Complainant asserts that the record fails to show that he is the owner of the equity of redemption or has any interest in the matter. We are of the opinion that complainant's point is supported by the record. The trust deed in question is dated December 21, 1910, at which time Charles Greve owned the premises. On November 1, 1911, Greve conveyed to Ben Leven. The bill of complainant to foreclose was filed September 5, 1913, and by amendment on November 13, 1915, Silverman was made a party defendant, with the allegation that he claimed to have some interest in the premises. He answered admitting that he claimed some interest but did not show the nature of the same. Complainant by its bill was asking *inter alia* for a lien against the rents of the premises described in the trust deed during the period of redemption. Hearings were had before a master in chancery, but Silverman introduced no evidence whatever as to his interest, if any, in the premises. The master reported finding that complainant was entitled to a lien on the rents during the period of redemption, but Silverman, although notified of such report, filed no objections thereto. A decree

of foreclosure was entered by the court in accordance with the recommendation of the master but no exceptions were taken by Silverman. Subsequently a sale was made in pursuance of the decree, and a deficiency decree entered, with an order for the receiver to continue in possession until the further order of the court. To this Silverman filed no objections or exceptions. After the period of redemption expired, the receiver, on October 24, 1917, filed his final report and account with the court showing a balance in his hands, and asked that he be allowed to pay over to complainant an amount sufficient to satisfy the deficiency and the balance to Charles Greve in pursuance of the prior decrees. To this Silverman filed objections in which he described himself as the owner of the equity of redemption of the premises. His objections, however, went only to some minor points and did not go to the request of the receiver to be permitted to satisfy the deficiency decree or to pay Greve. Upon the hearing before the court on these objections Silverman offered to put in evidence a deed dated October 13, 1913, purporting to convey the premises to him, but the court sustained an objection to this upon the ground that the record should stand as it then was.

It is not permissible that Silverman, although duly noticed in the foreclosure proceeding to present whatever interest he might have in the premises, should stand by without making such proof and allow the foreclosure to proceed to decree, sale and deed, and thereafter, over 4 years after acquiring the interest which he claims, upon the final report of the receiver, to assert for the first time his claim. In *Finch v. Martin,* 19 Ill. 105, it was held that defendants were bound to answer and disclose their title if they had any. In *Kehn v. Mott,* 187 Ill. 521, it was held upon a situation similar to this that the allegation in complainant's bill puts the duty upon the defendant of setting up his interest by way of answer and establishing it by proof, and that he "cannot avail himself of any defense not

so set up, even if proven by the evidence." Any other practice would be unconscionable.

Upon his final report the chancellor ordered the receiver, out of the funds remaining in his hands, to pay to complainant $6,827.63 in full satisfaction of the deficiency decreed to be due it. We hold that such an order was proper. Numerous cases have been cited which it is said hold such an order is improper. We believe, however, that examination of such cases will show that they are distinguishable from the instant case. In those cases the rents and profits were not pledged during the period of redemption, and the amount held by the receiver was claimed by the holder of the certificate of sale. The case before us is different in both these respects. While complainant was also the purchaser at the sale, nothing is claimed from that fact. The trust deed conveyed the premises "together with all the rents, issues and profits thereof"; there is a further provision that in case of default and foreclosure the "grantors waive all right to the possession of and collection of income from said premises, pending such foreclosure proceedings, and until redemption from any sale thereunder, or until the period of redemption from such sale expires." Pursuant to the prayer of complainant's bill, and based upon these provisions of the trust deed and the master's report, it was decreed that the complainant have a first lien upon the rents, including those "that may accrue after any foreclosure sale and up to the end of the period allowed by law for the redemption from any such sale," and that such rents should be applied on the amount found due to it, and in case of a deficiency decree upon the sale that complainant should have its lien against the rents accruing during the period of redemption. Upon the coming in of the master's report of sale, with a report of a deficiency, the court ordered that complainant have a lien for the amount of this deficiency with interest, upon the rents during the period of redemption.

In view of this express contract of the parties giving complainant a lien upon the rents during the period of redemption, we do not see how appellant's contention can successfully be maintained. Indeed in his brief it is expressly conceded as true that if the mortgage conveys the rents during the period of redemption they may be applied in payment of a deficiency decree. We are of the opinion that the language of the trust deed above referred to is such a conveyance.

If it is said that the trust deed is merged into the foreclosure decree, it is sufficient to reply that the decree gives complainant a lien against the rents during the period of redemption, pursuant to the terms of the trust deed.

We know of no case where the rents have been so pledged which holds that the grantee in the deed may be deprived of them unless the owner of the equity of redemption has been made personally liable for the deficiency decree. In the cases cited where personal liability has been held necessary, the amount in issue was not awarded to the grantee under the provisions of the trust deed.

Among the cases supporting our view are *Schaeppi v. Bartholomae*, 217 Ill. 105; *Prussing v. Lancaster*, 234 Ill. 462; *Hayward v. Burke*, 151 Ill. 121; *Owsley v. Neeves*, 179 Ill. App. 61; *Ryan v. Illinois Trust & Savings Bank*, 100 Ill. App. 251. We repeat the distinction above noted, that this is not the usual case of a purchaser at a sale, but is a grantee in a deed seeking a fund upon which it has a lien by the terms of such deed.

Was it error to order the receiver after satisfying complainant's deficiency to pay the defendant and cross complainant Charles Greve the balance in his hands? Greve, the original grantor in the trust deed, conveyed the premises to Leven but remained personally liable for the amount due complainant. One of the interest coupon notes falling due and not being paid, Greve turned over to the trustee an amount suf-

ficient to protect it in the event that Leven did not pay this interest. Greve in his cross-bill prayed that he be decreed a lien for this amount subject to the prior lien of the complainant, and such was the decree. The following cases support the contention that a deficiency decree is not necessary to entitle a junior incumbrancer to the rents where his claim is all deficiency and complainant's claim has been paid in full. *Schaeppi v. Bartholomae*, 217 Ill. 105; *Roach v. Glos*, 181 Ill. 440; *Ruprecht v. Henrici*, 116 Ill. App. 583; *Ruprecht v. Muhlke*, 225 Ill. 188; *Howard v. Burns*, 279 Ill. 256.

We hold that the court committed no error in its decree of November 23, 1917, even if it could be questioned by the appellant, Silverman; and we hold that he could not properly be heard for the reasons above indicated. The decree is affirmed.

*Affirmed.*