No. 9974.

WOODS v. THE CAPITOL HILL STATE BANK ET AL.

Decided June 6, 1921.

Action in debt involving the appointment of a receiver. Receiver appointed.

*Order Appointing Receiver Affirmed.*

1. RECEIVER—*Appointment by Consent.* A defendant debtor may appear and waive all objections to the appointment of a receiver.

2.     *Intervention.* In the case under consideration, the intervenor was not in a position to question or attack the appointment of a receiver, the court having jurisdiction of the subject matter and parties.

3. APPEAL AND ERROR—*Receiver—Intervention.* Where a petition in intervention is filed in an action involving the appointment of a receiver, questions raised by the petition which have not been disposed of by the trial court, will not be considered on review of the order appointing the receiver.

*Error to the District Court of the City and County of Denver, Hon. Greeley W. Whitford, Judge.*

Mr. CHARLES K. PHILLIPS, Mr. WAYNE A. GUNKLE, for plaintiff in error.

Messrs. GARWOOD & GARWOOD, Mr. J. W. KELLEY, for defendants in error.

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS cause is before us upon writ of error to review an order appointing a receiver. The review is authorized by Rule 17 of this court, which provides as follows:

"An order appointing, or denying the appointment of, or sustaining or overruling a motion to discharge a receiver, may be reviewed on error, before final judgment, if prompt application for that purpose is made."

The Capitol Hill State Bank, as plaintiff, brought an action against The Roamer Motor Car Company, a domestic corporation, as defendant. The complaint prayed for a money judgment and for the appointment of a receiver. The defendant answered, admitting all the allegations of the complaint. The defendant has not at any time, so far as the record shows, resisted the application for the appointment of a receiver. The court appointed a receiver. Thereafter several parties intervened in the action. A petition in intervention was filed by Clifford R. Woods, claiming to be the owner of two-thirds of the capital stock of the defendant corporation and praying that the order appointing a receiver be vacated. The record also shows a motion filed by Woods, the intervenor above mentioned, to vacate the order appointing a receiver, upon the ground that the court "is without jurisdiction" and that it "is improper to appoint a receiver for said corporation upon the application of a simple contract creditor." The motion was denied. The ruling in that connection is assigned as error, and under Rule 17, above quoted, is the only alleged error that can be considered at this time.

The record shows that the defendant debtor appeared, and by a sworn answer, confessed the debt and admitted all the allegations upon which plaintiff grounded its application for a receiver. The defendant waived all objections to the appointment, and this it could do. *Horn v. Pere Marquette Co.,* 151 Fed. 626. The court had jurisdiction of the subject matter and of the parties, and even if the plaintiff was a simple contract creditor, the court did not err in assuming jurisdiction. *Powell v. Nat. Bank of Commerce,* 19 Colo. App. 57, 74 Pac. 536.

The intervenor, plaintiff in error here, whether he be deemed to be a stockholder of the defendant corporation or a creditor thereof, is not in a position, under his motion, to question or attack the appointment of the receiver. There was no error in overruling the motion. *Horn v. Pere Marquette Co., supra.*

If the intervenor's petition shows some reason why a

receiver should not have been appointed, or should be discharged if already appointed, that matter is not before us. The issues tendered by the petition in intervention have not been disposed of, so far as the record before us shows, and no opinion is herein expressed as to the results which should follow if the allegations of the petition are established.

The order complained of is affirmed.

MR. JUSTICE TELLER, sitting for MR. CHIEF JUSTICE SCOTT, and MR. JUSTICE BAILEY concur.