## No. 11,501.

### CLEAR CREEK POWER AND DEVELOPMENT CO., ET AL. *v* CUTLER.

Decided April 19, 1926.

Plaintiffs in error were adjudged guilty of contempt of court.

*Affirmed.*

*On Application for Supersedeas.*

1. CONTEMPT—*Review.* In reviewing contempt judgments, the Supreme Court will inquire only if the court below had jurisdiction of the offense and of the respondents.

2.   RECEIVERS—*Property—Execution Levy.*   A judgment creditor who desires to levy upon property in the custody of the court, should first obtain permission so to do.

3.   CONTEMPT—*Receivership Property.*   One who interferes with property in the custody of the law without permission of the court in whose custody it is, is guilty of contempt.

4.        *Receivers—Improper Appointment.*   In proceedings to foreclose a trust deed, where a receiver is appointed to take charge of the property, invalidity of the foreclosure decree, improper appointment of the receiver, or a claim that the receiver's tenure was terminated by the foreclosure sale, cannot be considered in contempt proceedings based upon interference with the receivership property.

*Error to the District Court of the City and County of Denver, Hon. Charles C. Butler, Judge.*

Mr. JAMES N. SABIN, Messrs. SABIN & McGLASHAN, for plaintiffs in error.

Mr. H. L. SHATTUCK, for defendant in error.

*Department Two.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THIS is a writ of error to review a contempt judgment. To give a complete history of the case would unnecessarily encumber our reports. A general statement merely will suffice for our present purpose. Charles D. Cutler filed a complaint having for its object a decree of foreclosure of a trust deed given by the Empire Consolidated Mines, Inc., formerly known as the Randolph Gold Mining, Milling & Tunnel Company, to secure its bond issue. On filing his complaint plaintiff asked for and obtained the appointment by the court of a receiver of the property which consisted of idle mining property and the machinery and equipment of a working mine, the object being through the receiver to preserve the property and to prevent injury to the mine and the possible

larceny of movable property situate thereon, all of which, as it is said, were included in the trust deed. On final hearing a decree of foreclosure was rendered and under a special execution the property was sold by the sheriff and bid in by the plaintiff Cutler, who is the owner and holder of the entire bond issue. No further order was made as to the receivership, the order of appointment not having been revoked or set aside and the receiver has continuously remained, and still is, in possession of the property through a custodian. The Clear Creek Power and Development Company, after the sale under the foreclosure deed was made and while possession of the mine and machinery and the entire plant was in the receiver through his custodian, brought an action against the owner of the mining property, caused an execution thereunder to be issued and delivered to the sheriff of the county where the property in question was situate, with instructions to make a levy upon certain of the movable property thereon consisting of various items of machinery, tools, etc., and the sheriff made a levy thereon by posting appropriate notices over earlier notices which were placed upon the property by the same sheriff in making his levy on Cutler's execution. Thereupon an affidavit by the attorney of Cutler, the judgment creditor in the foreclosure suit, was filed in that case, setting forth the alleged illegal acts of the sheriff and the subsequent judgment creditor, the Clear Creek Power & Development Company, in thus unlawfully interfering with the possession of certain of the properties levied upon under the Cutler execution which were at the time in the custody of the court through its receiver, and asking a rule against the respondents to show cause why they should not be punished for contempt. In response to that rule the respondents sheriff and the subsequent judgment creditor filed their answer to the citation and upon the hearing the court adjudged them both to be guilty of contempt in interfering with property in the custody of the court and fined each of

them $1.00 with the usual directions as to imprisonment of the sheriff for failure to pay.   The respondents are here with their writ.

It is a recognized rule in this state that, in reviewing contempt judgments, this court will inquire only if the court below had jurisdiction of the offense and of the respondents.   It will inquire no further, and in no event will it pass upon the sufficiency of the evidence to justify the sentence imposed.   The plaintiffs in error here seek to justify their conduct in taking possession of property in custodia legis by attempting to show many irregularities in the foreclosure suit.   Among other things they say that the trustee in the trust deed that was foreclosed never had any authority to act as such in the State of Colorado, and had ceased to exist; that the bonds secured by the trust deed provided in case the trustee was incapable of acting or refused to act the bond owners or a majority of them had power to select a successor in trust; that Cutler, although, as alleged in his complaint in his foreclosure suit, was the owner and holder of all of the bonds secured by the trust deed, he had no power to bring or maintain the foreclosure suit; that this property upon which they caused the levy to be made, although in the hands of the court through its receiver, was not included in the trust deed and some of it was acquired long after the trust deed was given, though the trust deed provided that the movable property at the mine at the time of its execution and used in and about the development of the property and all such as thereafter was acquired, such as machinery, tools, etc., and so used, should be included in the trust deed. It is unnecessary further to set forth the matters relied upon by the respondents and our only purpose in the foregoing enumeration is to show the nature of the justification relied upon by respondents as constituting a purging of the contempt charged.

It is too clear for argument that none of these matters or things is a justification for respondents' acts in inter-

fering with property in the custody of the court. If they
desired to levy upon any of the property in its custody
they should first have asked its permission. They did
not ask permission. Apparently they think they were
justified in their conduct because of the alleged irregu-
larities and invalidity of the proceedings in the fore-
closure suit, and of the decree rendered therein and be-
cause some of the property they levied upon and asked
the sheriff to sell is not included in the trust deed. The
trial court found that the property which they levied
upon was within the purview of the trust deed, and that
the respondents had never asked permission of the court
to make the levy or to interfere with the property in the
custody and possession of its receiver. The court prop-
erly refused to listen to any of the objections interposed
as to the irreguarities in the foreclosure proceedings and
the alleged invalidity of the decree. It is. too clear for
argument that the trial court had jurisdiction of the
alleged contempt and of the respondents who appeared in
answer to the rule to show cause and that its judgment
cannot be interfered with by this court. The rule is so
familiar as not to need citation of authority that one
who interferes with property in the custody of the law
without permission of the court in whose custody it is is
guilty of contempt. The alleged invalidity of the fore-
closure decree and the improper appointment of a re-
ceiver and the claim that the receiver's tenure was ter-
minated by the sale under the execution cannot be con-
sidered in a contempt proceeding. Even if it be con-
ceded that there were irregularities or improprieties in
the foreclosure action, even of a grave character, which
we do not say there were, which might justify a reversal
at the request of the defendants in the action, this would
afford no justification to the respondents in interfering
with this property. Of many. authorities sustaining our
views are the following:

Civil Code 1921, p. 138, secs. 180, 181; *Powell v. Na-
tional Bank,* 19 Colo. App. 57, 68, 74 Pac. 536; *Camplin*

*v. Jackson,* 34 Colo. 447, 451, 83 Pac. 1017; *Mortgage Co. v. Redd,* 38 Colo. 458, 464, 88 Pac. 473, 8 L. R. A. (N. S.) 1215, 120 Am. St. Rep. 132; *Medina v. Medina,* 22 Colo. 146, 43 Pac. 1001; *Brown v. Tucker,* 7 Colo. 30, 34, 1 Pac. 221; *Woods v. Capitol Hill Bank,* 70 Colo. 221, 222, 199 Pac. 964; *Chicago, etc., R. R. Co. v. Fosdick,* 106 U. S. 47, 1 Sup. Ct. 10, 27 L. Ed. 47; *Dillon v. Myers,* 58 Colo. 492, 146 Pac. 268, Ann. Cas. 1916C, 1032; High on Receivers (4th Ed.), p. 171, sec. 143; p. 195, sec. 165; p. 197, sec. 166; p. 204, sec. 172; p. 985, sec. 833; p. 986, sec. 834; Alderson on Receivers, p. 888, sec. 652; *Pagett v. Brooks,* 140 Ala. 257, 37 So. 263; *Fountain v. Mills,* 111 Ga. 122, 36 S. E. 428; *Robinson v. Ruprecht,* 147 Ill. App. 646; 27 Cyc. pp. 1633, 1707; *Prussing v. Lancaster,* 234 Ill. 462, 84 N. E. 1062; *Continental, etc., Bank v. Leven,* 213 Ill. App. 310; *Wright v. Matters,* 220 Ill. App. 131; *Wells v. Lenox,* 108 Ark. 366, 159 S. W. 1099, Ann. Cas. 1914D, 11; Beach on Receivers, p. 165, sec. 213; p. 177, sec. 227, p. 186, sec. 237.

We cannot set aside this judgment rendered as it was by the court in a proceeding of which it had full jurisdiction. Application for supersedeas denied, judgment affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE SHEAFOR concur.