Fisher v. Cass County District Court.

FISHER v. CASS COUNTY DISTRICT COURT *et al.*

**Liquor Nuisance:** INJUNCTION : CONTEMPT : TITLE OF CAUSE: AFFI-
DAVIT BY ALIEN : APPEARANCE FOR STATE : EVIDENCE.  At the suit
of H. the plaintiff was enjoined from violating the prohibitory
liquor law.  In a subsequent proceeding, based on the affidavit of
B. (who was at the time an alien), and entitled in the name of the
state *versus* the plaintiff, he was adjudged guilty of contempt
in violating the injunction.   To B.'s affidavit, and as a part thereof,
was attached a duly-authenticated copy of the writ of injunction
and the service thereof.  In the contempt proceeding, one C. at
first appeared as counsel for the state, but before the hearing on
the merits the county attorney appeared and prosecuted the cause
for the state, and defendant was adjudged guilty of contempt.
*Held*—

(1) That the contempt proceeding was properly brought in the
name of the state, instead of in the name of the plaintiff in
the injunction suit,—it being a proceeding criminal in its
nature, and only incidental to the original cause.

(2) That, whether C. had a right to appear for the state or not,
the appearance of the county attorney gave the court full
jurisdiction to proceed with the complaint.

(3) That B., though an alien, was competent to make the affida-
vit as the basis of the proceeding.

(4) That it was not necessary to introduce in evidence the orig-
inal writ of injunction and service thereof, since authenticated
copies were before the court, attached to the affidavit.

*Certiorari to Cass District Court.*—HON. C. F.
LOOFBOUROW, Judge.

FILED, SEPTEMBER 10, 1888.

THIS is a proceeding in *certiorari* by which it is
sought to reverse the order and judgment of the district
court of Cass county in an alleged contempt of said court
in violating an injunction issued in an action to restrain
and abate a nuisance.   The plaintiff was held in con-
tempt, and a fine of five hundred dollars was adjudged
against him.

Fisher v. Cass County District Court.

*L. L. DeLano*, for plaintiff.

*A. J. Baker*, Attorney General, and *John W. Scott*, County Attorney, for defendant.

ROTHROCK, J.—The record shows that an action for injunction was commenced by R. Hudspeth against the defendant, and that a writ of injunction was issued on the tenth day of May, 1885, and served on the plaintiff on the sixteenth day of the same month. On the thirty-first day of January, 1887, a motion was filed asking for an order on the plaintiff to show cause why he should not be punished for contempt of the court in violating said injunction. It was alleged in this motion that plaintiff had been guilty of repeated violations of the writ. The motion was entitled in the name of "The State of Iowa *vs.* E. G. Fisher," and it was supported by the affidavit of one Bonesteel; and a duly authenticated copy of the injunction, and of the service thereof upon said Fisher, were attached to and made part of the affidavit. A precept was issued, and Fisher was brought before the court to answer to the charge. He filed a motion to quash the proceeding, because the complaint for a violation of the injunction was not made by Hudspeth, the plaintiff in the action for injunction, but by one Bonesteel, who is not shown to have any interest in said original action wherein the injunction was granted. Thereupon the said Bonesteel filed another affidavit, in which he averred that he was a citizen of Cass county, and that Hudspeth had become a non-resident of the state of Iowa, and said Bonesteel in said motion claimed the right as a citizen of the county to demand that defendant be punished for violating the injunction. At the same term of court, Hon. John W. Scott, county attorney, appeared and filed a motion to permit and direct the cause to proceed in the name and interest of the state of Iowa, and that the defendant therein be tried and dealt with, and, if found guilty, punished as provided by law. The defendant filed a motion to strike out the additional affidavit of Bonesteel, and the

motion of the county attorney. The motion to strike out was overruled. It appeared on the hearing of this motion that Bonesteel became naturalized as a citizen some two or three days after he made the original affidavit in the case. The plaintiff herein entered a plea of not guilty, and a trial was had upon evidence introduced by the parties, and, as has been said, the plaintiff was adjudged guilty of contempt.

It is insisted by counsel for the plaintiff that the court exceeded its jurisdiction and acted illegally in entertaining the proceeding for contempt, because it was not instituted by Hudspeth, the plaintiff in the original action for injunction. This was not necessary. The proceeding to punish a contempt of the process of a court is criminal in its nature, and by it a disobedience to civil authority is punished. It is merely incidental to the original proceeding, and need not be entitled as of the original cause. *First Congregational Church v. City of Muscatine*, 2 Iowa, 69. It was therefore properly docketed as a separate proceeding in the name of the state as plaintiff; and the appearance of the county attorney in behalf of the state was fully authorized by law. An examination of the many cases for contempt in this court will show that they are usually brought in the name of the state. This proceeding was properly commenced. It is true, the county attorney did not appear and file the original motion in the case. It appears to have been prepared and filed by H. G. Curtis, as attorney for the state. Whether he had the right to appear we need not determine. There can be no doubt that when the county attorney appeared in behalf of the state the court had full jurisdiction to proceed with the complaint, and it is entirely immaterial whether Bonesteel was a citizen when he made the original affidavit. He was not a party to the proceeding, and he was competent to make an affidavit.

It is claimed that no writ of injunction and service thereof was introduced in evidence upon the hearing. It is true that no such evidence was formally introduced. But this was not necessary. The motion and

affidavit for the precept had attached thereto a certified copy of the injunction and the service thereof. They were made part of the motion and affidavit. They were of record in the case, of which the court would take notice, and were evidence of equal credibility with the original writ of injunction and service. We discover no error in the proceedings of the district court.

AFFIRMED.