Richard D. Rudolph, Appellant, v. Glen Davis et ux., Appellees.

No. 46989.

(Reported in 30 N. W. 2d 733)

FEBRUARY 10, 1948.

Paul W. Richards, of Red Oak, Dalton & Dalton and Rudolph & Rudolph, all of Atlantic, for appellant.

Bennett Cullison, of Harlan, and Jones, Cambridge & Carl, of Atlantic, for appellees.

PER CURIAM.—After our opinion in Rudolph v. Davis, 238 Iowa 474, 26 N. W. 2d 231, was filed on March 11, 1947, procedendo was issued and sent to the district court of Cass County, Iowa, on May 10, 1947, ordering that court "to proceed in the manner required by law and in harmony with the opinion in this [Supreme] Court." . .

In the opinion cited above we held "the payment to appellee [plaintiff] of $1,527.98 on December 30, 1944, was mistakenly and erroneously made and said amount must be ordered returned to the custody of the court pending final determination of the case." Page 481 of 238 Iowa, page 235 of 26 N. W. 2d.

After the procedendo was received by the clerk of the district court of Cass county, the defendants on September 15, 1947, presented to the district court of Cass county a "ruling on Motion pursuant to the procedendo." The trial court felt that a hearing should be had on the ruling presented to him and fixed the date for hearing on the 19th day of September, 1947, and prescribed a two-day notice by mail to the attorneys for plaintiff of the time and place of the hearing. The notice was given and on the same date, or September 15, 1947, defendants dismissed their counterclaim in the attachment suit.

Nothing seems to have occurred on September 19, 1947, the date fixed for the hearing, but on December 27, 1947, the plaintiff dismissed his petition in the attachment action and on the same date the plaintiff filed his special appearance attacking

the jurisdiction of the district court to make any order, ordering the plaintiff to return and pay any money to the clerk of Cass County District Court.

On November 29, 1947, the district court overruled the plaintiff's special appearance and resistance to the entry of an order in conformity with the order of the supreme court and ordered the plaintiff "to return forthwith to the clerk of this [Cass county district] court the sum of $1,527.98 which was mistakenly and erroneously paid to him by said clerk on December 30, 1944."

On December 27, 1947, the plaintiff served notice of appeal to this court from the above order of the district court of Cass county and on January 3, 1948, the defendants filed their motion to dismiss the appeal on the grounds that the order entered by the district court is in conformity with the opinion and orders of this court; that no evidence was taken after the issuance of the procedendo; and in making the order the district court was merely acting under the direction of the supreme court and therefore the order is not an appealable order.

The motion to dismiss the appeal is sustained. Plaintiff could not defeat the mandate of this court by a dismissal of his attachment action. The opinion of this court in the case clearly holds the fund, $1,527.98, was the sum realized from the sale of attached property and in legal effect it stood "in lieu of the property originally attached." The order of this court was that this sum be returned to the clerk "pending final determination of the case." It was within plaintiff's power to dismiss his action and end the case but he cannot thereby keep what was erroneously turned over to him any more than he could keep any other attached property after dismissing his attachment suit. The money that was turned over to the plaintiff was defendants' money that was in the custody of the court. It stood in lieu of defendants' property that was seized by attachment. In view of the dismissal of the attachment action the fund should follow the course that the attached property would take and be immediately returned to the clerk and released to the defendants.—Appeal dismissed.