STATE OF IOWA, Appellant, v. RICHARD D. RUDOLPH, Appellee.

No. 47415.

(Reported in 37 N. W. 2d 483)

May 6, 1949.

Jones, Cambridge & Carl, of Atlantic, and Bennett Cullison, of Harlan, for appellant.

Richards & Richards, of Red Oak, and Rudolph & Rudolph and Dalton & Dalton, all of Atlantic, for appellee.

WENNERSTRUM, J.—The proceeding now before us for review developed by reason of an affidavit filed by Glenn Davis wherein contempt of court is alleged on the part of Richard D. Rudolph in that he had failed to comply with an order of the Cass County District Court directing the return by Rudolph to the Clerk of that court of $1527.98 as provided in the order. The affidavit was entitled and captioned "State of Iowa, plaintiff, v. Richard D. Rudolph, defendant." The defendant was served with a rule to show cause why he should not be punished for contempt. Subsequent to the issuance of the rule the defendant appeared and filed a motion to strike and dismiss the proceeding on grounds which will be hereinafter commented upon. The court sustained this motion. The plaintiff, acting through Glenn Davis, has appealed.

Our holding and direction in the case of Rudolph v. Davis, 238 Iowa 474, 26 N.W. 2d 231, later incorporated in a ruling and order of the Cass County District Court, has resulted in the present controversy. However, see Davis v. Wilson, 237 Iowa 494, 21 N.W. 2d 553, relative to prior litigation involving the parties herein. See also Rudolph v. Davis, 239 Iowa 165, 30 N.W. 2d 733, wherein the court, in a per curiam opinion, dismissed an appeal from an order entered by the Cass County District Court following the filing of our opinion in Rudolph v. Davis, 238 Iowa 474, 26 N.W. 2d 231. We shall not relate in detail the facts set forth in the first cited case. It is sufficient to

state that originally certain property belonging to Glenn Davis was attached in a proceeding commenced by Richard D. Rudolph, the appellee herein. By reason of negotiations between the respective counsel for Richard D. Rudolph and Glenn Davis, which however had not been reduced to writing, Davis sold certain of the attached property and delivered the check for a portion of the proceeds received to the sheriff. He, in turn, gave the check to the Clerk of the District Court. Subsequently that official, upon representations made by Richard D. Rudolph, paid the $1527.98 to him. Glenn Davis appealed from an order entered by the district court wherein the court refused to require Rudolph, pending final determination of the case, to redeposit the proceeds from the sale of the attached property with the Clerk of the District Court.

This court in its opinion in the case of Rudolph v. Davis, 238 Iowa 474, 481, 26 N.W. 2d 231, 235, in commenting upon the ruling refusing to direct that the funds be returned to the clerk, stated:

"We think it clear this ruling was without substantial evidential support and must be reversed. The payment to appellee of $1527.98 on December 30, 1944, was mistakenly and erroneously made and said amount must be ordered returned to the custody of the court pending final determination of the case."

Pursuant to the direction of this court, as heretofore set out, and the procedendo thereafter issued, the District Court of Cass County, Iowa, entered an order on the 29th day of November, 1947 wherein it directed Richard D. Rudolph "* * * to return forthwith to the clerk of this court the sum of $1527.98 which was mistakenly and erroneously paid to him by said clerk on December 30, 1944." It should be here stated, as shown by the record in the instant case, that after the procedendo in the case of Rudolph v. Davis, 238 Iowa 474, 26 N.W. 2d 231, was received by the Clerk of the Cass County District Court and before the order of the court last referred to was entered therein Davis dismissed a counterclaim which he had filed in the original action. It further appears that thereafter and prior to the order of November 29, 1947, Rudolph dismissed his original action. It is

also shown that in the proceeding which resulted in the order of November 29, 1947 Richard D. Rudolph appeared specially and resisted the making of any order by the district court in conformity with the opinion of the Supreme Court on the ground that the district court had no jurisdiction of the subject matter or parties inasmuch as the case had been dismissed in that court. The district court further held that the opinion of the Supreme Court constituted a final adjudication of the rights of the parties and became a judgment against Richard D. Rudolph for the return of said money to the clerk. The district court further held that although Rudolph could dismiss his cause of action he could not dismiss the judgment rendered against him for the return of the funds he had received from the clerk. The special appearance of Rudolph in the proceeding heretofore referred to was overruled. Rudolph then appealed to this court which appeal was dismissed in our opinion found in 239 Iowa 165, 30 N.W. 2d 733, previously referred to. Thereafter on April 19, 1948 there was filed the affidavit signed by Glenn Davis captioned "State of Iowa, plaintiff, v. Richard D. Rudolph, defendant," to which reference has been made.

The motion to dismiss the affidavit alleging contempt, filed by Richard D. Rudolph, appellee herein, was in three divisions. In division one it was asserted as a basis for dismissal that (a) the affidavit failed to state any claim or facts on which any relief or action could be granted by way of punishment of Richard D. Rudolph for alleged contempt or by virtue of the provisions of chapter 665, 1946 Code, which relates to contempt, and (b) that the pretended action entitled "State of Iowa, plaintiff, v. Richard D. Rudolph, defendant," is a nullity in that it does not generate an action and has pretendedly been brought in the name of the State of Iowa as plaintiff by some person or persons devoid of any lawful authority to commence or prosecute an action in the name of the State of Iowa. In division two, it is alleged (a) that the affidavit of Glenn Davis entitled "Affidavit Showing Contempt," along with a copy of the order of November 29, 1947 which was attached to the affidavit, failed to state any claim or facts by which Richard D. Rudolph could be punished for contempt, and (b) that the action entitled State of Iowa, plaintiff,

v. Richard D. Rudolph, defendant, is a nullity and does not initiate an action and has been brought by a person or persons without any lawful authority to commence or prosecute an action in the name of the State of Iowa. In division three of the motion it is further alleged that the affidavit, heretofore referred to, should be stricken and dismissed for the reason that section 626.1, 1946 Code, provides that any judgment or order requiring the payment of money is to be enforced by execution. It is further asserted that an action for contempt is an available remedy only for the enforcement of performances of acts other than the payment of money or property. As previously stated this motion was sustained as to all three divisions by the trial court.

I. In divisions one and two of appellee's motion complaint is made of the fact that the affidavit which initiated the contempt proceeding was captioned "State of Iowa, plaintiff, v. Richard Rudolph, defendant." It is contended that this designation of the parties and the subsequent statements set forth in the affidavit show that the action is of no force and effect because it was brought by a person or persons without any lawful authority to commence or prosecute an action on behalf of the State of Iowa. It is our conclusion that the designation of the title of the case is immaterial.

We said in the early case of First Congregational Church of Bloomington v. City of Muscatine, 2 (Clarke) Iowa 69, 71:

"The proceeding to punish a contempt of process, though based upon, is merely incidental to, and to a great extent independent of, the original proceeding in which it may be invoked. Indeed, such proceeding need not be entitled as of the original cause."

In the case of Fisher v. Cass County District Court, 75 Iowa 232, 234, 39 N.W. 283, 284, an affidavit was filed in a contempt proceeding entitled "The State of Iowa v. E. G. Fisher." In this last cited case it is shown that the county attorney did later appear in behalf of the state but it was stated in this opinion: "An examination of the many cases for contempt in this court will show that they are usually brought in the name of the state. This proceeding is properly commenced."

Our statute sets forth no requirement as to the caption of an affidavit wherein contempt is charged. Section 665.6, 1946 Code. In 17 C. J. S., Contempt, section 69, page 86, it is stated: '

"If the proceeding is both remedial and punitive, in the absence of a statute regulating the entitling of the proceeding, it may be brought either on the relation of a party or in the name of the state."

We hold that the caption of the action is immaterial if the affidavit sufficiently sets forth the facts on which the allegations of contempt are made. We find no merit in the complaint as to this particular point raised by the appellee in his motion and upon which the trial court, in part, based its ruling.

II. It was one of the contentions of the appellee herein, in his motion to strike and dismiss, and upon which the trial court in part based its ruling, that under the provisions of section 626.1, 1946 Code, which is as follows, "Judgments or orders requiring the payment of money, or the delivery of the possession of property, are to be enforced by execution. * * * ", the only recourse is by execution. We do not believe that this Code section referred to is the exclusive remedy when the funds or property are in the custody of the court.

The original property, after its attachment, was in the custody of the court. The money represented the attached property in a different form and was turned over by the sheriff to the clerk. That official, without authority, paid it to Richard D. Rudolph. It was then in *custodia legis*. Rudolph v. Davis, 238 Iowa 474, 26 N.W. 2d 231; also, Rudolph v. Davis, 239 Iowa 165, 167, 30 N.W. 2d 733, 734.

In the case of Agricultural Bond & Credit Corp. v. Courtenay Farmers Co-op. Assn., 66 N. D. 122, 131, 262 N. W. 453, 457, 458, there are comments which are quite pertinent to the issue presented herein. It is there stated:

"The power of the court over moneys in its custody continues until they are distributed pursuant to final decrees in the cases in which the moneys are paid, and if from any cause such moneys are previously withdrawn without authority of law, the

court can, by summary proceedings, compel their restitution. Until a decree of distribution is made and enforced, the summary power of the court to compel restitution remains intact."

As also bearing upon the status of the funds in question, see Louisiana Natl. Bk. v. Whitney, 121 U. S. 284, 7 S. Ct. 897, 30 L. Ed. 961; Osborn v. United States, 91 U. S. 474, 23 L. Ed. 388, 390; 24 Am. Jur., Funds and Deposits in Court, section 7, page 371.

In 26 C. J. S., Deposits in Court, section 9d(2), page 971, there is also a statement that is applicable to the situation here under review. It is as follows:

"In case money is improperly paid out of, or withdrawn from, court, the person rightfully entitled thereto may proceed by motion to compel its restoration. The statutes of limitation are not a bar to such a proceeding; and the order for restoration may be enforced not only by execution against the property of the person in wrongful possession of the fund, but also by commitment for contempt, by striking out his answer, or by other appropriate process."

III. Section 665.2 sets forth certain acts which constitute contempt and are, in part, as follows: "1. Contemptuous or insolent behavior toward such court while engaged in the discharge of a judicial duty which may tend to impair the respect due to its authority. 2. * * *. 3. Illegal resistance to any order or process made or issued by it. 4. * * *."

The appellee, Rudolph, by his dismissal of his original action, after obtaining this money under the circumstances shown, cannot thus thwart the orders of the District Court pursuant to the directions of this court. We are of the opinion that the affidavit sufficiently charged contempt.

In the case of Lamb v. Cramer, 285 U. S. 217, 219, 52 S. Ct. 315, 316, 76 L. Ed. 715, 719, the fact situation is somewhat similar to the instant case. It is therein stated:

"His receipt and diversion of the property, which was then in gremio legis * * * tended to defeat any decree which the court might ultimately make in the cause. That and his retention of

the property after the decree was entered, were in fraud of the rights of the plaintiffs to prosecute the suit to its conclusion, and an obstruction of justice constituting a contempt of court which might be proceeded against civilly."

In the case of Clear Creek Power and Development Co. v. Cutler, 79 Colo. 355, 359, 245 P. 939, 940, 48 A. L. R. 237, 240, it is stated: "The rule is so familiar as not to need citation of authority that one who interferes with property in the custody of the law without permission of the court in whose custody it is is guilty of contempt."

It is our conclusion that the trial court was in error in sustaining the motion to strike the affidavit filed and in dismissing the action instituted.

IV. There has been heretofore submitted a motion for judgment filed by Glenn Davis, as appellee, in the case of Richard D. Rudolph, appellant, v. Glenn Davis, appellee, which refers to our per curiam opinion in the case of Rudolph v. Davis, 239 Iowa 165, 30 N.W. 2d 733. This motion is not a part of the appeal to which this opinion is primarily directed. It, however, involves in part the issues before us in this appeal relative to the contempt proceedings. The parties are the same. We therefore deem it advisable to comment upon this last-referred-to motion and rule thereon. In this motion Glenn Davis asked this court to enter a judgment herein by reason of our holdings in the two cases of Rudolph v. Davis, namely, 238 Iowa 474, 26 N. W. 2d 231, and 239 Iowa 165, 167, 30 N.W. 2d 733, 734. It perhaps should be here stated that at the conclusion of the last cited case we said:

"In view of the dismissal of the attachment action the fund should follow the course that the attached property would take and be immediately returned to the clerk and released to the defendants."

It is our conclusion that the provisions of sections 686.14 and 686.15, 1946 Code, do not have application herein. We therefore overrule the motion for judgment filed in the case referred to in this division and here call attention to our statement made in the case of Rudolph v. Davis, 238 Iowa 474, 481, 26 N.W.

2d 231, 235, heretofore set forth, relative to the disposition of the funds therein referred to.

In the case here initially reviewed we reverse the trial court with directions to reinstate the cause and to give to the appellee herein the opportunity to show cause, if any he has, why he should not be held in contempt; and for such other proceedings as may be justified under the rulings and holdings herein announced. We therefore reverse and remand.—Reversed and remanded.

All JUSTICES concur except MANTZ, J., not sitting.