# In the Iowa Supreme Court

No. 25–0755

Submitted February 19, 2026—Filed April 3, 2026

**Gloria Ann Shontz,** as administrator of the **Estate of Shirley Kay Gomez, Andrea Marie Bell, Kristina Christian Lincoln,** and **Kim Marie Kerr,**

Appellants,

vs.

**Mercy Medical Center-Clinton, Inc.** and **Amareshwar Chiruvella,**

Appellees.

Appeal from the Iowa District Court for Clinton County, Patrick A. McElyea, judge.

Plaintiffs appeal the dismissal of a medical malpractice action. **Affirmed.**

May, J., delivered the opinion of the court, in which all justices joined.

Nicholas C. Rowley and Dominic F. Pechota of Trial Lawyers for Justice, P.C., Decorah, for appellants.

Frederick T. Harris and John A. Maschman of Lamson Dugan & Murray LLP, West Des Moines, for appellees.

**May, Justice.**

This is the plaintiffs' second civil action arising from the same alleged negligence by the same defendants. In the first action, the district court denied a motion to dismiss, and then our court granted interlocutory review. Ultimately, we issued an opinion reversing and remanding with specific instructions "for entry of an order dismissing th[e] action with prejudice." *Shontz v. Mercy Med. Ctr.-Clinton, Inc.,* No. 23–0719, 2024 WL 2868931, at *2 (Iowa June 7, 2024) (per curiam). The district court obeyed those instructions by dismissing with prejudice. But the plaintiffs filed two different dismissals without prejudice, one before and one after the district court's dismissal with prejudice. Then, later, the plaintiffs refiled their negligence claims in this second action. The district court then dismissed this second action. And the plaintiffs now appeal from that dismissal.

We find no grounds for reversal. Our mandate in the prior appeal required dismissal of the first action "with prejudice." *Id.* The plaintiffs' efforts to dismiss the first action without prejudice were contrary to our mandate and, therefore, ineffective. The district court's dismissal of the first action with prejudice was consistent with our mandate and, therefore, effective. That dismissal was also a final judgment on the merits in the first action, which involved the same parties and claims as this second action. Therefore, claim preclusion bars this second action. The district court was correct to dismiss it. We affirm.

I.

Shirley Gomez had surgery on September 4, 2020. She died on September 16. On August 26, 2022, her estate and children filed a civil action against the surgeon and the hospital.

The defendants moved to dismiss. They argued that the plaintiffs had failed to meet the certificate of merit affidavit requirements imposed by Iowa Code section 147.140(1) (2022). Therefore, dismissal with prejudice was required under section 147.140(6).

The district court denied the motion to dismiss. The defendants then sought interlocutory review. We granted their request.

We issued our opinion on June 7, 2024. We determined that the district court had erred by declining to grant the motion to dismiss. Our opinion concluded with these words: "[W]e reverse the district court's ruling that denied the defendants' motion to dismiss, and we remand this case for entry of an order dismissing this action with prejudice . . . ." *Shontz,* 2024 WL 2868931, at *2.

Soon after, there was a flurry of activity in the district court:

- On June 17, the plaintiffs filed a supposed dismissal without prejudice. (We say "supposed" dismissal because—as will be explained—we conclude that it was not effective.)

- On June 20, the district court entered a dismissal with prejudice.

- On July 9, our court issued procedendo.

- Also on July 9, the plaintiffs filed another supposed dismissal without prejudice.

Then, on July 18, the plaintiffs filed this second action under a different case number. The parties here are the same as the first action. And the same claims are being asserted.

The defendants moved to dismiss this second action based on res judicata as well as the statute of limitations. The district court granted the motion. The plaintiffs appeal.

II.

In their opening brief, the plaintiffs contend that the district court's dismissal cannot be upheld on statute of limitations grounds or on the basis of res judicata. Because the district court seems to have relied on res judicata, we begin our analysis there. Our review is for correction of errors at law. *Crall v. Davis*, 714 N.W.2d 616, 619 (Iowa 2006).

"The doctrine of res judicata includes both claim preclusion and issue preclusion." *Pavone v. Kirke*, 807 N.W.2d 828, 835 (Iowa 2011). Here the parties agree that our analysis should focus on claim preclusion. "The general rule of claim preclusion holds that a valid and final judgment on a claim bars a second action on the adjudicated claim or any part thereof." *Dorsey v. State*, 975 N.W.2d 356, 361 (Iowa 2022) (quoting *Pavone*, 807 N.W.2d at 835); *accord Lemartec Eng'g & Constr. v. Advance Conveying Techs., LLC*, 940 N.W.2d 775, 779 (Iowa 2020). Claim preclusion bars the second action if three requirements are met:

1. "the parties in the first and second action were the same,"
2. "the claim in the second suit could have been fully and fairly adjudicated in the prior case," and
3. "there was a final judgment on the merits in the first action."

*Lambert v. Iowa Dep't of Transp.*, 804 N.W.2d 253, 257 (Iowa 2011) (quoting *George v. D.W. Zinser Co.*, 762 N.W.2d 865, 868 (Iowa 2009)).

The first two elements are met here because the parties and claims in this second action are the same as those in the first action. *See id.* The third element is the battleground. The defendants argue that this element is met because the district court's June 20 dismissal with prejudice was a final judgment on the merits in the first action. The plaintiffs respond that the June 20 dismissal was

ineffective for multiple reasons, starting with the fact that the dismissal was entered before the issuance of procedendo on July 9.

We agree with the defendants. It is true that after our court has issued an opinion and the time for rehearing has passed, our court then issues a document called "procedendo." Iowa R. App. P. 6.1208(1). Ordinarily, procedendo ends our jurisdiction and notifies the district court "that the case is transferred back to that court" for any further proceedings. *In re M.T.*, 714 N.W.2d 278, 282 (Iowa 2006). Sometimes, though, after we issue an opinion, the parties will go ahead and resume district court action immediately, that is, before procedendo issues. We have said that this can amount to consent to district court jurisdiction and a waiver of procedendo. *See State v. Henderson*, 243 N.W. 289, 290 (Iowa 1932); *State v. Knouse*, 33 Iowa 365, 367 (1871) (holding that the absence of procedendo does not impact "jurisdiction over the subject-matter"; rather, it goes to "jurisdiction over the parties," which may be conferred by consent). This does not mean, of course, that parties may not exhaust their rights to seek rehearing before being required to proceed again in district court. *See* Iowa Rs. App. P. 6.1204–6.1205. They certainly may. *See, e.g., State v. Lovell*, No. 13–1895, 2014 WL 4631366, at *3 (Iowa Ct. App. Sep. 17, 2014), *vacated on other grounds*, 857 N.W.2d 241 (Iowa 2014) (per curiam). But here the plaintiffs—the parties who lost on appeal—were the logical candidates to seek rehearing. And they chose not to. They chose instead to move forward in the district court through the filing of their supposed dismissal on June 17. Through those choices, the plaintiffs waived the necessity of procedendo. We therefore reject the plaintiffs' argument that the June 20 dismissal with prejudice was ineffective because procedendo had not yet issued. *See also Becker v. Becker*, 50 Iowa 139, 140 (1878) (stating that procedendo is "not necessary . . . to give the court below jurisdiction," and

when "a case is reversed, and the parties cause it to be re-docketed in the court below, the court may proceed").

But the plaintiffs theorize that their supposed dismissal(s) without prejudice somehow stripped the district court of power to carry out our express direction that the plaintiffs' action must be dismissed with prejudice. We cannot agree. The plaintiffs' theory is foreclosed by the mandate rule.

The mandate rule is "a fundamental rule of law," essential to the "multitiered judicial system" created in article V of the Iowa Constitution. *City of Okoboji v. Iowa Dist. Ct.*, 744 N.W.2d 327, 331 (Iowa 2008). The mandate rule requires the district court "to honor and respect the rulings and mandates by appellate courts in a case." *Id.* This honor and respect must take the form of strict compliance. When the appellate court remands "for some special purpose," the district court "is limited to do the special thing authorized by th[at] court in its opinion, and nothing else." *Id.* (quoting *Kuhlmann v. Persinger,* 154 N.W.2d 860, 864 (Iowa 1967)). Again, the district court "has no power or jurisdiction to do anything except to proceed in accordance with the mandate." *Kuhlmann,* 154 N.W.2d at 864; *accord State v. Plain*, 969 N.W.2d 293, 296–97 (Iowa 2022); *City of Okoboji,* 744 N.W.2d at 331. And any "proceedings contrary to the mandate must be treated as null and void." *Glenn v. Chambers*, 56 N.W.2d 892, 895 (Iowa 1953) (quoting 3 Am. Jur. *Appeal and Error* § 1234 (1936)).

It follows that once we issued our opinion with its special instructions to dismiss the plaintiffs' first action *with prejudice*, a dismissal *with prejudice* was the *only* permissible ending for that action. Conversely, a dismissal *without* prejudice would have been contrary to our mandate. Therefore, any effort by the plaintiffs to dismiss without prejudice was impermissible and ineffective.

As the plaintiffs emphasize, though, rule 1.943 generally permits plaintiffs to dismiss without prejudice "at any time up until ten days before the trial is scheduled to begin." Iowa R. Civ. P. 1.943. And so, if the language of rule 1.943 were taken wholly out of context, that rule might seem to provide the sort of almost-unlimited right that could somehow allow the plaintiffs to have dismissed the first action without prejudice (because—of course—no trial was even scheduled when the plaintiffs filed their supposed dismissals).

Like all civil procedure rules, though, rule 1.943 must be read in context with the other rules and statutes that govern civil litigation. Read in that context, certain limits become clear.[1] *See, e.g., id.* r. 1.271(1)(*a*) (disallowing voluntary dismissals absent court approval where the court has certified a class). Relevant here, the right to voluntarily dismiss claims without prejudice cannot—and does not—permit a plaintiff to elude a ruling that has already disposed of those claims.

To be sure, we have consistently allowed plaintiffs to voluntarily dismiss claims *before* a court has ruled on a pending dispositive motion. *See Victoriano v. City of Waterloo*, 984 N.W.2d 178, 180 (Iowa 2023) (holding that voluntary dismissal without prejudice was effective where a plaintiff dismissed his petition the day before the district court's hearing on the defendant's motion to dismiss); *Ronnfeldt v. Shelby Cnty. Chris A. Myrtue Mem'l Hosp.*, 984 N.W.2d 418, 420–21 (Iowa 2023) (same where a plaintiff dismissed her petition the same day the defendant moved to dismiss pursuant to Iowa Code section 147.140(6)); *Venard v. Winter*, 524 N.W.2d 163, 164, 166 (Iowa 1994) (same where a plaintiff

---

[1]Although our cases have said that rule 1.943 provides an "absolute" right, we have clarified that this refers to the rule's "self-executing" nature, that is, the fact that it authorizes parties to dismiss claims on their own and without "a court order." *Ronnfeldt v. Shelby Cnty. Chris A. Myrtue Mem'l Hosp.*, 984 N.W.2d 418, 422–24 (Iowa 2023).

filed a voluntary dismissal after the defendant filed a motion for summary judgment but "[b]efore the court could rule").

But the plaintiffs have not cited—and we have not found—any case in which a plaintiff was allowed to voluntarily dismiss without prejudice *after* an adverse dispositive ruling was entered. Nor would that make any sense. For instance, surely a plaintiff could not dismiss without prejudice *after* a district court has dismissed the plaintiff's claims with prejudice through a grant of summary judgment under Iowa Rule of Civil Procedure 1.981. Otherwise, rule 1.981 could not have its normal effect. Likewise, a plaintiff could not dismiss without prejudice after a district court has granted a motion to dismiss with prejudice under Iowa Code section 147.140(6). Otherwise, the statute's direction for "dismissal with prejudice" would have no effect. *Id.* Similarly, Iowa Rule of Civil Procedure 1.943 cannot allow a dismissal without prejudice after our court has issued a mandate commanding dismissal with prejudice. Otherwise, the mandate rule would have no effect. That cannot be the law. *See Rudolph v. Davis*, 30 N.W.2d 733, 734 (Iowa 1948) (per curiam) ("Plaintiff could not defeat the mandate of this court by a dismissal of his attachment action.").

We recognize, of course, that there is a technical distinction between an order that dismisses claims with prejudice and an appellate opinion, like the one in the plaintiffs' first action, which commanded the dismissal of the plaintiffs' claims with prejudice. But this distinction makes no practical difference here. Once we issued that opinion, the plaintiffs' claims were no longer viable. Indeed, under our rule concerning remands, when a district court "judgment is reversed for error in overruling a motion and granting the motion would have terminated the case in favor of the appellant," our court "*may enter* or direct the district court to enter *final judgment as if such motion had been initially granted.*" Iowa

R. App. P. 6.1206 (emphasis added). But whether we enter the final judgment ourselves or direct the district court to do so on our behalf, the result is the same: termination of the case in favor of the defendants, whose motion to dismiss with prejudice should have been granted in the first instance.

Finally, we have considered the plaintiffs' suggestion that because our opinion in the first action was based on the plaintiffs' violation of section 147.140(1), the resulting dismissal with prejudice was merely technical or procedural and, therefore, it was not a dismissal on the merits for claim preclusion purposes. We disagree. Rule 1.946 provides that "[a]ll dismissals not governed by rule 1.943 or not for want of jurisdiction or improper venue, shall operate as adjudications on the merits unless they specify otherwise." Iowa R. Civ. P. 1.946. And the June 20 dismissal with prejudice was not "governed by rule 1.943," was not a dismissal for "want of jurisdiction or improper venue," and did not "specify" that it was not an adjudication on the merits. *Id.* Therefore, the June 20 dismissal was a final dismissal on the merits for claim preclusion purposes. *See id.*; *Lambert,* 804 N.W.2d at 257.

III.

Because the requirements of claim preclusion were met, the district court was right to dismiss this action. We affirm on those grounds. We need not, and therefore do not, consider whether this action was also barred on statute of limitations grounds.

**Affirmed.**