Charles A. PROCHELO and Charlie
P's, Inc., Appellants,

v.

TRAVELERS INSURANCE
COMPANY, Appellee.

No. 84–438.

Supreme Court of Iowa.

Nov. 13, 1985.
Rehearing Denied Dec. 18, 1985.

Steven K. Scharnberg and Hugh J. Cain
of Duncan, Jones, Riley & Finley, Des
Moines, for appellants.

William F. Fanter and Antonio Colacino
of Bradshaw, Fowler, Proctor & Fairgrave,
Des Moines, for appellee.

James L. Kramer, Fort Dodge, amicus
curiae for Robert J. Hennessey.

Richard G. Langdon and Kermit B. An-
derson of Herrick, Langdon & Langdon,
Des Moines, amicus curiae for Dan T.
McGrevey.

Considered by REYNOLDSON, C.J., and
UHLENHOPP, McCORMICK, SCHULTZ,
and WOLLE, JJ.

UHLENHOPP, Justice.

This review of a court of appeals decision
involves a problem of claim preclusion.

On June 7, 1981, Charlie P's, a Fort
Dodge restaurant, was destroyed by fire.
Travelers Insurance Company insured the
property. Charles Prochello and Charlie
P's, Inc. (plaintiffs) made claim against

Travelers under the policy. Travelers denied the claim on the ground the fire was not accidental.

On November 16, 1981, Travelers commenced a declaratory judgment action against plaintiffs claiming that the loss was not covered because the fire was not accidental. On October 26, 1982, plaintiffs (defendants in that action) counterclaimed on the policy for the insurance and also in tort for bad-faith refusal to pay the insurance.

Travelers moved for partial summary judgment (the first motion), seeking dismissal of the counterclaim because it was not filed within a year of the loss as required by this policy clause:

> No action shall be brought against the Company unless the Insured has complied with all the policy provisions and such action shall have commenced within twelve months after the loss occurs.

Some mention of waiver or estoppel of Travelers to assert the one-year clause appears to have been made at argument on the motion. The arguments however were not reported. In a subsequent hearing plaintiffs' attorney stated that Travelers' attorney argued to the court on the first motion that Travelers would try the declaratory judgment action if the first motion was sustained. Travelers' attorney responded in that subsequent hearing:

> I can't remember, Judge, verbatim what I said in that oral argument any more than I can remember what I said in an oral argument last week. I will say this: I think in sum and substance I probably did make—not probably—I did make such a comment.
>
> I remember Mr. McGrevey's argument caught me a little bit offguard in the heat of—in the heat of oral argument. So I didn't have much time to think about it.
>
> I remember commenting that if the counterclaim was dismissed the case would go to trial. That's what I believed at the time. The theory being, and the principle being, that would have enabled

The Travelers to preserve the subrogation rights.

The district court, Peterson, J., sustained the motion on the basis of the one-year clause, and granted partial summary judgment dismissing the counterclaim. The court stated in the course of the ruling: "Under the undisputed facts, waiver or estoppel does not appear to be a valid consideration." Plaintiffs did not seek permission to appeal from the partial summary judgment.

On October 3, 1983, Travelers dismissed its petition for declaratory judgment. Plaintiffs did not appeal at this juncture either, but two days later they commenced the instant separate action against Travelers to recover for the fire loss. Travelers filed answer and averred claim preclusion inter alia: that plaintiffs' present claim is substantially the same as its counterclaim which the district court dismissed as filed too late. Travelers then moved for summary judgment (the second motion), on the ground of claim preclusion. Following argument, the district court, Beisser, J., sustained the motion and dismissed plaintiffs' present action. Plaintiffs appealed.

We transferred the appeal to the court of appeals, which by a vote of two-to-one reversed the summary judgment. On Travelers' application, we granted further review.

I. The general rule on claim preclusion —"splitting"—is stated thus in section 24(1) of Restatement (Second) of Judgments (1982):

> When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar (see §§ 18, 19), the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.

The application of this doctrine to counterclaims is stated in section 23 of the Restatement:

> Where the defendant interposes a claim as a counterclaim and a valid and final judgment is rendered against him

on the counterclaim, the rules of bar are applicable to the judgment.

The court of appeals held the elements of claim preclusion were present but two exceptions to preclusion applied: in the first case (1) the parties agreed the issues presented by plaintiffs would be tried, and (2) the district court reserved to plaintiffs the opportunity to try their action.

The exception for an agreement by parties to reserve issues for another action is stated thus in paragraph (a) of section 26(1) of Restatement (Second) of Judgments:

> The parties have agreed in terms or in effect that the plaintiff may split his claim, or the defendant has acquiesced therein....

Comment *a* on this paragraph states in part:

> The parties to a pending action may agree that some part of the claim shall be withdrawn from the action with the understanding that the plaintiff shall not be precluded from subsequently maintaining an action based upon it. The agreement will normally be given effect. Or there may be an effective agreement, before an action is commenced, to litigate a part of a claim in that action but to reserve the rest of the claim for another action. So also the parties may enter into an agreement, not directed to a particular contemplated action, which may have the effect of preserving a claim that might otherwise be superseded by a judgment, for example, a clause included routinely in separation agreements between husband and wife providing that the terms of the separation agreement shall not be invalidated or otherwise affected by a judgment of divorce and that those terms shall survive such a judgment.

■ The district court ruled on the first motion that plaintiffs' counterclaim was untimely, and dismissed it. This would mean that plaintiffs could not recover on the policy. We do not find an agreement by the parties or acquiescence by Travelers that plaintiffs' counterclaim should nonetheless survive and be tried. The most

that can be said is that Travelers' attorney stated the issue in Travelers' petition would be tried—the question of arson. Even if that issue had been separately tried and plaintiffs had prevailed, plaintiffs would not have been entitled to recover; they had already lost their claim by losing on the issue of timely filing their counterclaim. Actually, Travelers' arson defense became redundant when plaintiffs lost on their counterclaim.

The exception for reservation of an action by a court is stated as follows in paragraph (b) of section 26(1) of the Restatement:

> The court in the first action has expressly reserved the plaintiff's right to maintain the second action....

Comment *b* states in part with reference to this paragraph:

> It may appear in the course of an action that the plaintiff is splitting a claim, but that there are special reasons that justify his doing so, and accordingly that the judgment in the action ought not to have the usual consequences of extinguishing the entire claim; rather the plaintiff should be left with an opportunity to litigate in a second action that part of the claim which he justifiably omitted from the first action. A determination by the court that its judgment is "without prejudice" (or words to that effect) to a second action on the omitted part of the claim, expressed in the judgment itself, or in the findings of fact, conclusions of law, opinion, or similar record, unless reversed or set aside, should ordinarily be given effect in the second action....

■ The most that can be said for the present record is that by granting a partial summary judgment dismissing the counterclaim the district court tacitly reserved the issue of arson in Travelers' petition. As seen, that issue became redundant. The court did not reserve for another action the issue of untimely filing of the counterclaim when it dismissed the counterclaim on that basis.

We thus find no merit in these two exceptions asserted by plaintiffs and accepted by the court of appeals. We have reviewed the other exceptions advanced by plaintiffs but do not find merit in them either. Claim preclusion applies and prevents plaintiffs from asserting their claim by this second lawsuit.

II. The result which we reach is not inequitable as plaintiffs contend, for the reason that plaintiffs could have obtained appellate review of the summary judgment dismissing the counterclaim. Plaintiffs could have appealed as of right from that summary judgment when Travelers dismissed the first action; nothing then remained pending in the district court. Iowa R.App. P. 1; *Helland v. Yellow Freight System, Inc.*, 204 N.W.2d 601, 604 (Iowa 1973) (definition of finality). If plaintiffs had taken an appeal and had lost, their policy claim would have ended because of untimely filing of the counterclaim. But if they had won on appeal, their counterclaim would have been reinstated and they could have proceeded to trial on it without any claim preclusion problem. They did not appeal, however, but commenced a separate action. They thereby ran headlong into claim preclusion based on the summary judgment dismissing their counterclaim.

The district court properly granted summary judgment dismissing the second action.

DECISION OF COURT OF APPEALS VACATED, SUMMARY JUDGMENT OF DISTRICT COURT AFFIRMED.