# IN THE SUPREME COURT OF IOWA

No. 09–0998

Filed September 30, 2011

**GLENN R. LAMBERT, STEPHEN G. LAMBERT,
PHILLIP R. LAMBERT, THOMAS A. LAMBERT,
LINDA A. HICKS & JANET S. RUDDY** d/b/a
**LAMBERT FARMS PARTNERSHIP,**

Appellees,

vs.

**THE IOWA DEPARTMENT OF TRANSPORTATION,**

Appellant.

Appeal from the Iowa District Court for Jones County, David M. Remley, Judge.

The defendant appeals from a judgment issuing a writ of mandamus, following the denial of the defendant's motion for summary judgment based on claim preclusion.  **AFFIRMED.**

Thomas J. Miller, Attorney General, Richard E. Mull and Robin G. Formaker, Assistant Attorneys General, for appellant.

Kristofer J. Lyons and Michael A. Bowman of Shimanek, Shimanek, & Bowman, Monticello, for appellees.

**MANSFIELD, Justice.**

### I. Introduction.

This case presents a close, but narrow, question: When a court order dismissing an action reveals the court's intent to preserve a claim arising out of the same transaction that is pending in another lawsuit, should the claim in the other lawsuit be allowed to proceed? We conclude that it should, even if the language of the dismissal order is less explicit than it might have been. Accordingly, we affirm the judgment entered in the second action in favor of the plaintiff, which judgment followed a denial of the defendant's motion for summary judgment based on claim preclusion.

### II. Factual and Procedural Background.

Plaintiffs Glenn Lambert, Stephen Lambert, Phillip Lambert, Thomas Lambert, Linda Hicks, and Janet Ruddy (the Lamberts) own farmland in Jones County. In 2001, the Iowa Department of Transportation (IDOT) condemned part of that land to be used for the relocation of Highway 151. The notice of condemnation identified certain property that would be acquired permanently, but also gave IDOT temporary easement rights to another area where borrow material would be removed for use in the highway project.

The easement language provided that IDOT would restore the borrow area upon completion of the project. Thus, it said that "[e]ight inches of topsoil shall be removed, stockpiled *and replaced* on the land to be acquired by said temporary easement to secure borrow material." (Emphasis added.) The notice also provided that IDOT would not repair or replace any damaged or destroyed tiles, but would "leave the surface of the borrow area sloped to drain." In May 2001, the Compensation Commission approved a $117,455 condemnation award to the Lamberts.

Subsequently, the Lamberts discovered that IDOT had not replaced the topsoil in the borrow area nor graded the land to allow drainage. Therefore, on October 13, 2006, after unsuccessfully trying to obtain voluntary performance from IDOT and administrative relief from the State Appeals Board, the Lamberts filed a petition at law naming both IDOT and the State as defendants (LACV 003770). The Lamberts alleged the defendants had breached their promise in the condemnation proceedings to properly restore the borrow area.

IDOT's motion to dismiss was granted, but the State remained a defendant. Later, the State moved for summary judgment on March 4, 2008. The State argued, among other things, that the Lamberts' exclusive remedy was a mandamus action to compel further condemnation proceedings, since the Lamberts were claiming, in effect, a further unauthorized and uncompensated taking.

On May 19, 2008, the district court granted the State's motion. It cited *Mapes v. Madison County*, 252 Iowa 395, 398, 107 N.W.2d 62, 64 (1961), for the proposition that "[w]here prior condemnation did not acquire the rights as to property taken later, the proper remedy also is mandamus to compel further condemnation." The court also explained:

> Plaintiffs are unable to generate any genuine issue of material fact on the State's primary argument, which is that Plaintiffs' claims stem from their assertion that they have not been fully compensated for the taking of their land. The nature of Plaintiffs' claim is that they have not received just compensation, and the Court construes Plaintiffs' action as one of inverse condemnation. As such, the appropriate forum for Plaintiffs' claims is a mandamus action, in which it can be determined whether the prior condemnation resulted in Plaintiffs acquiring the rights to which they were entitled under the condemnation agreement. Additionally, Plaintiffs have not set forth a specific request that mandamus be considered as a remedy in this action. In fact, Plaintiffs have filed a separate mandamus action in Jones County District Court. The Court finds no reason to delay entry of a ruling on the pending Motions for Summary Judgment in this

action until the separate mandamus action has been concluded. Therefore, the Court finds that the State's Motion for Summary Judgment should be granted as to the State's argument that Plaintiffs' exclusive remedy is a mandamus action to compel condemnation proceedings. Because mandamus is the exclusive remedy for Plaintiffs' claims, the Court does not reach the other arguments made by the State in its Motion for Summary Judgment, and finds that Plaintiffs' Motion for Summary Judgment should be denied in its entirety.

In the conclusion to its order, the district court stated that "the State's Motion for Summary Judgment is GRANTED as to the State's argument that Plaintiffs' exclusive remedy is a mandamus action to compel condemnation proceedings" and dismissed cause LACV 003770.

Meanwhile, after receiving the State's March 4, 2008 summary judgment motion in LACV 003770, the Lamberts commenced a separate petition for writ of mandamus against IDOT (EQCV 004228). On May 7, 2008, before the district court had entered its May 19 summary judgment ruling in LACV 003770, IDOT responded to the mandamus petition in EQCV 004228 with a motion to dismiss, stay, or consolidate. IDOT argued that the new action (EQCV 004228) should be dismissed because the Lamberts had not pled the correct form of mandamus. (The Lamberts had sought mandamus to compel IDOT to perform the restoration work, rather than mandamus to compel further condemnation proceedings.) IDOT also argued that if the new action were not dismissed, it should be stayed or consolidated with the earlier action.

Upon receiving word that the State's motion for summary judgment had been granted in LACV 003770, IDOT filed a *second* motion to dismiss EQCV 004228 on June 2, 2008. This time, IDOT argued the dismissal of the earlier action barred the Lamberts from bringing the new action under principles of both claim and issue preclusion.

On or about June 12, 2008, the Lamberts moved to enlarge or amend the order dismissing LACV 003770 to clarify that it would allow for a separate mandamus action, moved to amend the petition in LACV 003770 to add a mandamus claim, and also moved to amend their petition in EQCV 004228 to revise their mandamus allegations.

On June 17, 2008, and July 1, 2008, the district court ruled on the pending motions in EQCV 004228. It denied IDOT's motions to dismiss and granted the Lamberts' motion to amend. It determined that the new mandamus allegations were in the correct form, that issue preclusion did not apply, and that, under principles of claim preclusion, the dismissal of LACV 003770 did not bar the Lamberts from proceeding with a separate mandamus action in EQCV 004228.

The following month, on August 26, 2008, the district court ruled on the Lamberts' motions in LACV 003770. It found the Lamberts' motion to enlarge or amend was untimely since it had not been filed within ten days of the underlying order as required by rule 1.904(2). As to the Lamberts' motion to amend, the district court concluded, "Because the Petition no longer exists, legally, the Plaintiff cannot amend the Petition, as would be permitted by Iowa Rules of Civil Procedure."

Proceedings in EQCV 004228 continued. On April 6, 2009, IDOT filed a motion for summary judgment, arguing the petition was barred by claim preclusion, issue preclusion, and the statute of limitations. On June 2, 2009, the district court denied this motion except as to specific performance relief, which it found was barred by the doctrine of issue preclusion. With regard to the claim preclusion defense, the district court acknowledged that the mandamus claim "could have been brought in the first case and could have been fully and fairly adjudicated in the first case." Yet it concluded that an exception to normal rules of claim

preclusion applied because the order granting the State's motion for summary judgment in LACV 003770 "contemplated that Lamberts' mandamus claim (EQCV 004228) would be preserved" and therefore was not "an adjudication on the merits of the claim for mandamus."

Subsequently, based on a stipulation of the parties, the district court entered an order granting the Lamberts' requested writ of mandamus while preserving IDOT's appeal rights on claim preclusion. IDOT's appeal on the question of claim preclusion is now before us. IDOT argues that the final dismissal of LACV 003770 on May 19, 2008, has claim preclusive effect and should have barred the Lamberts from pursuing EQCV 004228.

### III. Standard of Review.

We review a ruling on a motion for summary judgment for errors at law. *Schneider v. State*, 789 N.W.2d 138, 143 (Iowa 2010).

### IV. Analysis.

This appeal involves the question of "claim splitting." A valid final judgment on a claim generally precludes relitigation of the same claim or any part of it. *Arnevik v. Univ. of Minn. Bd. of Regents*, 642 N.W.2d 315, 319 (Iowa 2002). The rule governing claim preclusion is "based on the principle that a party may not split or try his claim piecemeal, but must put in issue and try his entire claim or put his entire defense in the case on trial." *B & B Asphalt Co. v. T.S. McShane Co.*, 242 N.W.2d 279, 286 (Iowa 1976). Thus, a party "is not entitled to a second day in court by alleging a new ground of recovery for the same wrong." *Arnevik*, 642 N.W.2d at 319 (holding an indemnification claim based on breach of contract was barred by claim preclusion due to the dismissal of a prior indemnification claim based on respondeat superior).

IDOT contends that the rule against claim-splitting applies here because nothing prevented the Lamberts from including their mandamus claim in their original petition in LACV 003770. Accordingly, IDOT maintains the Lamberts are precluded by the final judgment in LACV 003770 from pursuing a mandamus claim in EQCV 004228.

We have said there are three requirements for the doctrine of claim preclusion to apply:

> (1) "the parties in the first and second action were the same"; (2) "the claim in the second suit could have been fully and fairly adjudicated in the prior case"; and (3) "there was a final judgment on the merits in the first action."

*George v. D.W. Zinser Co.*, 762 N.W.2d 865, 868 (Iowa 2009) (quoting *Arnevik*, 642 N.W.2d at 319) (internal quotation marks omitted). We assume without deciding that these elements have been met here. *See Peppmeier v. Murphy*, 708 N.W.2d 57, 66 (Iowa 2005) (noting that except in limited situations, a summary judgment constitutes a judgment on the merits); *Fischer v. City of Sioux City*, 654 N.W.2d 544, 548 (Iowa 2002) (indicating that res judicata may apply if the parties are identical or are in privity with the parties to the prior action); *Charles Gabus Ford, Inc. v. Iowa State Highway Comm'n*, 224 N.W.2d 639, 643 (Iowa 1974) (indicating that a petition for writ of mandamus may be joined with claims for legal relief against the same defendant).

The Lamberts argue, nonetheless, that an exception to the normal rules of claim preclusion arises when a court order in the first action *authorized* claim-splitting. They maintain this is what happened here. Notably, Restatement (Second) of Judgments section 26, entitled "Exceptions to the General Rule Concerning Splitting," provides that a second action will not be barred when "[t]he court in the first action has expressly reserved the plaintiff's right to maintain the second action."

Restatement (Second) of Judgments § 26(b), at 233 (1982); *see also Prochelo v. Travelers Ins. Co.*, 376 N.W.2d 591, 593 (Iowa 1985) (quoting this provision with implicit approval).

Although it would be somewhat of an overstatement to say that the district court in LACV 003770 "expressly reserved" the pursuit of a separate mandamus claim in EQCV 004228, we agree with the Lamberts that this is the gist of what occurred. The district court stated:

> [T]he appropriate forum for Plaintiffs' claims is a mandamus action . . . . In fact, Plaintiffs have filed a separate mandamus action in Jones County District Court. The Court finds no reason to delay entry of a Ruling on the pending Motions for Summary Judgment in this action until the separate mandamus action has been concluded.

The fair implication of this language was that the Lamberts would continue to have access to that "appropriate forum." Otherwise, why would the court have used the present tense (i.e., the appropriate forum "is" a mandamus action as opposed to "would have been" a mandamus action)? Also, why would the court have noted the filing of the separate mandamus action (which would not have mattered if that action was about to be precluded)? Furthermore, the language about "no reason to delay" makes sense only if we assume the district court did *not* believe its grant of summary judgment in LACV 003770 would toll the death knell for EQCV 004228. If summary judgment in LACV 003770 terminated both actions, then there *would* be a potential reason to delay entry of a ruling in LACV 003770 until the other case was concluded. In short, we agree with the district court in the second action that the court in the first action "contemplated that Lamberts' mandamus claim (EQCV 004228) would be preserved."

Other courts have likewise rejected claim preclusion defenses in these circumstances, i.e., where the court in the first action used

language indicating it presumed the second action would continue. *See, e.g., Dodd v. Hood River Cnty.*, 59 F.3d 852, 862 (9th Cir. 1995) ("We conclude that the Oregon courts sufficiently reserved this issue by repeatedly acknowledging that the Dodds' federal constitutional claims were not before them and were pending in the federal district court."); *Stroik v. Ponseti*, 699 So.2d 1072, 1077 (La. 1997) (holding a federal magistrate judge's statement that the plaintiff would not be prejudiced by denial of her amendment to add state law claims because she had a pending state court action was sufficient to preserve those claims and avoid res judicata effects).

It is true that comment *b* to Restatement (Second) of Judgments section 26 provides:

> It is emphasized that the mere refusal of the court in the first action to allow an amendment of the complaint to permit the plaintiff to introduce additional material with respect to a claim, even where the refusal of the amendment was urged by the defendant, is not a reservation by the court within the meaning of Clause (b).

IDOT points out that after LACV 003770 had been dismissed, the Lamberts tried unsuccessfully to amend their petition in LACV 003770 to add the mandamus claim. In addition to relying on the foregoing language from comment *b*, IDOT also argues we should treat the failed effort to amend as an acknowledgment by the Lamberts that they realized their mandamus claim would be barred unless it were included in the original action.

We disagree. In the first place, this case involves more than a "mere refusal" by the court in the first action to allow an amendment. Rather, critical to our resolution of this case is the language in the LACV 003770 dismissal order that indicated the proceedings in EQCV 004228 would continue. Nor do we read the Lamberts' flurry of June 2008

activity as anything other than a reaction to IDOT's litigation stance. After the district court dismissed LACV 003770 on May 19, 2008, IDOT filed a new motion in EQCV 004228 on June 2, 2008, arguing claim preclusion. At this point, the Lamberts hedged their bets, not only by resisting the new motion and arguing a lack of claim preclusion, but also by seeking to enlarge or amend the dismissal order in LACV 003770 and seeking to amend the petition in LACV 003770. One can fault the Lamberts for their timing (as the district court in LACV 003770 did), but their actions cannot reasonably be read as a concession that the dismissal of LACV 003770 would have claim preclusive effects on EQCV 004228.

IDOT's strongest argument is that the Restatement speaks in terms of the first court having "expressly reserved" the plaintiff's right to maintain the second action. IDOT argues, and we tend to agree, that the language in the LACV 003770 dismissal order falls short of an *express* reservation. While the Restatement is a restatement of common law by respected legal scholars that may have persuasive power, it is not binding on us. In the development of our common law, we may look to the Restatement and consider its persuasiveness, but we are not bound to follow it. *See Page Cnty. Appliance Ctr., Inc. v. Honeywell, Inc.*, 347 N.W.2d 171, 177 (Iowa 1984) (declining to follow the Restatement of Torts in light of established Iowa common law precedent).

In this case, we believe Restatement section 26(b) needs to be read in conjunction with court precedents and the underlying policy that "[t]raditional rules of res judicata allow judges to control the preclusive effects of their decisions." *Adolph Coors Co. v. Sickler*, 608 F. Supp. 1417, 1432 (C.D. Cal. 1985); *see also* 18 Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 4413, at

312 (2d ed. 2002) (noting that a court "should have power to narrow the ordinary rules of claim preclusion"). A clear signal from a court that it did not intend its decision to have preclusive effect on a specific claim should be honored, even if that signal arguably does not amount to an "express reservation."

IDOT also cites three cases that, it contends, enforce the "express reservation" rule set forth in the Restatement. We find them distinguishable. In *PCL Construction Services, Inc. v. United States*, 84 Fed. Cl. 408, 435–36 (2008), which involved a complicated payment dispute relating to the construction of a visitor's center at Hoover Dam, the court had expressly reserved certain claims in its prior rulings. Relying on those express statements, the court found that other claims had *not* been reserved. As it put it, "In contrast with the express reservation language on liquidated damages, retainage and the turntable claims contained in the Conclusion sections of *PCL II* and *PCL III*, there is no mention in the Conclusion sections of a reservation of delay or CRX claims." *Id.* at 437. Here, on the other hand, the district court in LACV 003770 discussed the mandamus proceeding alone, did so in the paragraph immediately before its conclusion, and used language suggesting it would not be precluded.

In *O'Connor v. Pierson*, 482 F. Supp. 2d 228, 229 (D. Conn. 2007), a teacher initially filed a lawsuit against his employer, alleging both federal and state law claims. Later, after a federal magistrate judge recommended the federal court decline to exercise supplemental jurisdiction over the state law claims, the teacher brought a separate state court action. *Id.* The state court denied a motion to dismiss that action based on the pendency of the federal action, and the state court case was ultimately resolved in the defendant's favor. *Id.* at 230. The

defendant then sought dismissal of the federal court case based on claim preclusion. In granting the defendant's motion, the federal district court gave the following explanation:

> Plaintiff contends that the Superior Court's denial of the defendants' motion to dismiss can be interpreted to include a tacit ruling that he would be able to proceed here without regard to any judgment that might subsequently enter in the state court case. Even assuming that is what the state court intended, which seems unlikely, plaintiff's argument must be rejected. As shown by the comment to § 26(1)(b), the section requires a clear statement by the court in the first action that its "judgment is 'without prejudice' (or words to that effect) to a second action on the omitted part of the claim, expressed in the judgment itself, or in the findings of fact, conclusions of law, opinion, or similar record, . . ." Restatement (Second) of Judgments § 26 cmt. b. Nothing like this can be found in the record of the state court case.

*Id.* at 234. In short, *O'Connor* holds that a mere denial of a defendant's motion to dismiss based on the pendency of another action is an insufficient basis for a plaintiff to argue later that the court did not intend its ultimate ruling to have preclusive effect on the other action. With that proposition, we agree. But this case is different. Here, the final order resolving the first action reflected an understanding the second action would continue.

Finally, *Yapp v. Excel Corp.*, 186 F. 3d 1222, 1225 (10th Cir. 1999), involved two separate federal actions by an employee—for unpaid overtime compensation and for wrongful termination. After the court denied the employer's motion to consolidate the cases, the parties settled the overtime case and caused it to be dismissed with prejudice. *Id.* The district court then granted the employer's motion for summary judgment in the wrongful termination case based on claim preclusion. *Id.* at 1225–26. Nothing in the stipulation for dismissal filed in the overtime case suggested the other action would continue, and a majority of the

appellate panel (one judge dissenting) deemed the mere denial of the motion to consolidate insufficient. *Id.* at 1227–29. Again, we have a different situation here, since language contemplating preservation was set forth in the final order disposing of the case.

IDOT also argues it was inconsistent for the district court in EQCV 004228 to give issue preclusive effect but not claim preclusive effect to the judgment in LACV 003770. We do not share that view. These are two different doctrines. Even when an exception to the rule against claim-splitting has been established, the judgment in the first action is still a final judgment. It can have the effect of precluding the relitigation of issues that were actually litigated and determined, whose determination was essential to the judgment. *See Soults Farms, Inc. v. Schafer*, 797 N.W.2d 92, 103–04 (Iowa 2011) (setting forth the elements of issue preclusion).

**V. Conclusion.**

For these reasons, we affirm the judgment below.

**AFFIRMED.**