# IN THE COURT OF APPEALS OF IOWA

No. 24-1245
Filed July 23, 2025

**BENJAMIN WARD,**
    Plaintiff-Appellant,

**vs.**

**ALTOONA POLICE DEPARTMENT,**
    Defendant-Appellee.

_____

    Appeal from the Iowa District Court for Polk County, Jeanie Vaudt, Judge.


    A records-seeker appeals the dismissal of his complaint under Iowa Code chapter 22. **REVERSED AND REMANDED.**


    Benjamin Ward, Altoona, self-represented appellant.

    Brent L. Hinders and James J. Theobald of Hopkins & Huebner, P.C., Des Moines, for appellee.


    Considered without oral argument by Ahlers, P.J., and Badding and Buller, JJ.

**BULLER, Judge.**

Benjamin Ward petitioned under Iowa Code chapter 22 (2023), seeking production of an Altoona police officer's body-cam footage.[1] The Altoona Police Department (Altoona PD) moved to dismiss the action, claiming that the petition did not comply with the heightened pleading standards of Iowa Code section 670.4A(3) and that the petition was barred by res judicata because Ward had previously sought the footage through a replevin action on the small-claims docket. The district court dismissed the action on both of those bases, and Ward appeals.

Ward's petition was succinct, so we include it here in full:

> This Chapter 22 Petition is for: Police Body Camera Footage #2022-00011377. I have been instructed by the Defendant, the Altoona Police Department, to file this Chapter 22 action if I wanted this body camera footage. By filing this action I am following their instructions.

On appeal, he claims not only that Altoona PD destroyed the footage in violation of chapter 22 (something not clearly pled below), but he also makes a barrage of other complaints about Altoona PD, the district judge, and other actors in the judicial system.

The primary barrier for Ward's assorted claims is error preservation. He contends in his brief that he made "critical filings" raising issues in the district court and the district court's "dismissal order failed to address these issues." He contends this preserved those issues for appeal, but the law is not on his side.

---

[1] Ward also used the chapter 23 administrative process to request body-cam footage, as described in *Ward v. Iowa Public Information Board*, No. 24-0927, 2025 WL _____ (Iowa Ct. App. July 23, 2025), which we decide today.

When a district court fails to address an issue presented to it, the aggrieved party must file a motion under Iowa Rule of Civil Procedure 1.904(2) or the like in order to preserve error. *See Meier v. Senecaut*, 641 N.W.2d 532, 540 (Iowa 2002) ("The rule requires a party seeking to appeal an issue presented to, but not considered by, the district court to call to the attention of the district court its failure to decide the issue."). Ward did not file such a motion. Instead, he filed a notice of appeal. *See* Iowa R. App. P. 6.903(2)(a)(8)(1) ("Filing a notice of appeal does not preserve an issue for appeal, and citing to the notice does not satisfy this requirement."). In his appellate brief, he blames stock language in the district court's order denying all other pending motions as "prevent[ing him] from requesting clarification or reconsideration" even though the court's "dismissal order did not address the appellant's detailed arguments." But this is just the same problem with different words: Ward didn't obtain a ruling on several of his issues below because he didn't raise them or request clarification or reconsideration, and we are not permitted to review those questions. Specifically, we find error was not preserved on Ward's claims relating to "destruction of a public record and misconduct"; "judicial conduct, procedural fairness, and discrimination"; "jurisdictional confusion"; and all other claims we do not address elsewhere in this opinion.[2] The only claim properly before us is whether the district court erred in dismissing the petition based on section 670.4A and res judicata. We review that question for correction of errors at law. *See Hedlund v. State*, 875 N.W.2d 720, 724 (Iowa 2016).

---

[2] Ward's appellate papers also ask us to do various things he did not ask of the district court, like make referrals for criminal prosecution or issue advisory opinions. We deny all of those requests.

We conclude we cannot affirm the district court's application of Iowa Code section 670.4A to dismiss the action due to qualified immunity. In April 2025—long after the district court ruled—our supreme court held that section 670.4A's pleading requirements only apply to actions seeking monetary damages. *1000 Friends of Iowa v. Polk Cnty. Bd. of Supervisors*, 19 N.W.3d 290, 295 (Iowa 2025). As our full reproduction of Ward's claim earlier in this opinion indicates, he is not seeking money—he just wants the body-cam footage (or, put more lawyerly, an injunction ordering production of the body-cam footage). The supreme court's precedent binds us, so we cannot affirm dismissal based on section 670.4A's pleading requirements.

We also do not believe we can affirm the district court's reliance on res judicata. Although the entire small-claims case file is not in our record, we can discern from the pleadings we do have that Ward brought a replevin action there, while he brings a public-records action here. The district court hearing the small-claims appeal pointedly indicated to Ward that he "likely can obtain a copy of the body camera footage he seeks by other means," just not through replevin. Assuming without deciding that the requirements of res judicata are otherwise met, res judicata still did not justify dismissal here under the judicially recognized exception for authorized claim-splitting. This exception allows a second claim—despite ordinary rules of res judicata—when a court expressly authorizes the second action. *See Lambert v. Iowa Dep't of Transp.*, 804 N.W.2d 253, 257 (Iowa 2011). In *Lambert*, the district court told the plaintiffs "the appropriate forum" for their claim "[wa]s a mandamus action" and encouraged litigation there. *See id.* This is equivalent to the district court's direction in the small-claims appeal here,

when it told Ward he could obtain relief elsewhere. Under *Lambert*,[3] the district court erred in dismissing the case citing res judicata. *See id.*

At this point, we could turn to whether any of the alternative bases urged by Altoona PD below provide a basis for otherwise affirming the district court. *See Meier*, 641 N.W.2d at 540 n.1 ("A prevailing party may support the district court judgment on any ground contained in the record, provided that the affirmance on that ground does not alter the rights of the parties established in the judgment."). In our review, it appears that Altoona PD may have indirectly urged that Ward's petition failed to state a claim under the regular pleading standards (which are less stringent than what is required by section 670.4A). But we are a court of review, not first view. *See* Iowa Code § 602.5103(1) ("The court of appeals . . . constitutes a court for the correction of errors at law."). And we have no transcript of the oral hearing at which Altoona PD argued in favor of its motion to dismiss. We therefore reverse and remand this matter to the district court to consider any other outstanding legal issues, including the motion to dismiss for failure to state a claim under the applicable legal standards and the requirements of chapter 22. We express no opinion on the merits.

**REVERSED AND REMANDED.**

---

[3] We acknowledge Ward didn't cite *Lambert*. But the substance of that argument certainly appears in his papers, as he indicated that he filed this action because he relied on the district court's appellate ruling in the small-claims action. And the City resisted this argument below.